JAMES C. DAVIS, Director-General of Railroads, as Agent under Section 206 of the Transportation Act of 1920, Respondent, v. ROCHESTER CAN COMPANY, Appellant.*

Fourth Department, May 4, 1927.

**Arbitration — submission of dispute — action on alleged award by Interstate Commerce Commission — Interstate Commerce Commission had no authority or jurisdiction to determine disputed claims — action cannot be maintained.**

This is an action on an alleged award made by the Interstate Commerce Commission determining that the plaintiff had the right to collect car demurrage. The parties agreed to submit the question to the Interstate Commerce Commission for decision, and it was submitted and the Interstate Commerce Commission determined that the car was subject to demurrage charges under the circumstances.

The Interstate Commerce Commission is a corporation or a governmental agency whose powers are defined and limited by statute and it has no power in either capacity to act as arbitrator, and, therefore, its determination in this matter, which involved a question of the liability of the defendant for demurrage, was without any force whatsoever and did not constitute an award.

CROUCH, J., dissents.

APPEAL by the defendant, Rochester Can Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Monroe on the 24th day of July, 1925, upon the decision of the court rendered after a trial at the Monroe Trial Term, a jury having been waived.

*Lynn Brothers* [*John D. Lynn* of counsel], for the appellant.

*Harris, Beach, Harris & Matson* [*Paul Folger* of counsel], for the respondent.

SAWYER, J. A dispute between the parties having arisen over a claim for car demurrage, plaintiff, by its attorney, on February 14, 1919, wrote defendant: " * * * if you think the position I have taken is unfair and not in accordance with the rules and regulations of the Interstate Commerce Commission governing these matters, I shall be very glad to have you submit the entire file to the Interstate Commerce Commission for a ruling, and I shall be very glad to abide by the same." To this on February nineteenth following defendant replied: " We have decided to

---

*By Proclamations of President (44 U. S. Stat. at Large, ——————), under date of December 14, 1925, effective at midnight on December 31, 1925, Andrew W. Mellon was designated and appointed as Director-General of Railroads and as Agent under section 206 of the Transportation Act of 1920 (41 U. S. Stat. at Large, 461, chap. 91, as amd. by 42 id. 393, chap. 70, and 42 id. 1443, chap. 233), in place of James C. Davis, resigned.— [REP.

accept your suggestion and submit the matter to the Interstate Commerce Commission for decision." Other letters were later exchanged between the parties in which the proposed submission was referred to as being for " decision " while one from the secretary of the Commission alludes to it as an " opinion." Finally the matter was submitted, and on July 10, 1919, the secretary of the Interstate Commerce Commission wrote defendant " that the statements made by your company and the Soo Line were considered by the Commission, Division 2, in conference on June 27, 1919; and it held that under the circumstances of the case the car was subject to demurrage charges while held at Noyes awaiting the export license, it being the duty of the shipper to furnish such license."

This action is based on the theory that these recited facts constituted a submission of the dispute to common-law arbitration and that the letter of July 10, 1919, is an award under the arbitration in favor of plaintiff. The answer, after the usual admission and denials, sets out a denial by defendant of liability upon the original claim against it, and then attacks the power of the Interstate Commerce Commission to act in the premises, alleging that its action was without warrant of law, is void and of no effect.

The record contains no dispute of fact and the action being solely to recover on an award in arbitration we have no concern with the primary question of defendant's liability for the demurrage. The correspondence unmistakably shows the submission of the controversy to the Interstate Commerce Commission for determination and the understanding of both parties that they were to abide by its decision. If the Commission had legal power to act as an arbitrator and proceeded in the manner prescribed for the conduct of arbitrations, its decision must be upheld; otherwise it is valueless. (*Fudickar* v. *Guardian Mutual Life Ins. Co.*, 62 N. Y. 392; *New York Lumber & Wood Working Co.* v. *Schnieder*, 119 id. 475.)

The Interstate Commerce Commission is a governmental agency with administrative and quasi judicial powers (*Interstate Com. Comm.* v. *L. & N. R. Co.*, 73 Fed. 409), and in its legal creation is a corporation. (*Texas, etc., R. Co.* v. *Interstate Com. Comm.*, 162 U. S. 197.) It was created by the National government as a means for the regulation and control of interstate commerce to the end that just dealing between the public and transportation corporations might be assured and various abuses, of which there was complaint, corrected and their repetition avoided. This Commission was given, within the scope of its purpose, broad and sweeping powers of investigation, regulation and control over all public transportation companies, the same in many instances being

extended to include persons and corporations using their facilities. (Interstate Commerce Act [24 U. S. Stat. at Large, 379, chap. 104], approved February 4, 1887, and the various amending acts.)

Extensive as are its powers the same are, nevertheless, limited by the statutes that give it life and being. Within its assigned circle of duty it is practically supreme — beyond that it has no authority or obligation whatsoever, except such as may be necessarily incident to its specific powers. While its jurisdiction over certain subjects may be found recited throughout the act and its amendments, in the main it must rely upon sections 12, 13, 14 and 15 of the original act of 1887 for its authority to act in any given case. (See Interstate Commerce Act [24 U. S. Stat. at Large, 383, 384], §§ 12–15, as amd.; now United States Code, tit. 49, §§ 12–15; Barnes Federal Code Supp. §§ 7897, 7902–7904.) In the performance of its duty it may investigate and report upon complaints or institute independent investigations; it may supervise, order and control, as may be necessary for its purposes and may enforce its orders, in some instances by itself and in others by application to the courts. But " it is neither a Federal court under the Constitution, nor does it exercise judicial powers, nor do its conclusions possess the efficacy of judicial proceedings." (*Kentucky & I. Bridge Co.* v. *Louisville & N. R. Co.*, 37 Fed. 567, 613; *Interstate Com. Comm.* v. *L. & N. R. Co.*, supra.) It is purely the creation of the Congress of the United States, which may add to or take away from its powers and likewise may abolish it altogether. Upon Congress alone its jurisdiction depends. It cannot be enlarged or diminished except by the will of Congress lawfully expressed. No individual or corporation can confer upon it official power or take from it that which it has. An examination of the act of 1887 and its various amendments discloses that no authority or jurisdiction to determine disputed claims for money due from a shipper to a transportation company is vested in the Commission either as a court or as an arbitrator. Neither is such a power necessary for the proper conduct of the business therein delegated to it. Those matters are left for the determination of the courts and as to them the Commission does not exist. Both by common law and statute, a natural person may at the request of disputants arbitrate their differences. Such a power cannot, even by consent, be conferred on a corporation, for it has no entity outside its appointed corporate powers and those necessarily incidental thereto. (*Dartmouth College* v. *Woodward*, 4 Wheat. 518, 636; *Waters-Pierce Oil Co.* v. *Texas*, 177 U. S. 28, 43; *People* v. *Utica Ins. Co.*, 15 Johns. 358, 383; *Tyng* v. *Commercial Warehouse Co.*, 58 N. Y. 308.)

Considering the Commission independently of its corporate

attributes and purely as a governmental agency the same rule applies. It needs no citation of authority to uphold the proposition that the power and authority of a public servant are governed entirely by the statutory limitation of his employment.

In its letter of submission, defendant had advised the Commission of the precise nature and amount of the claim plaintiff preferred against it and set out in detail its version of the facts; it then stated that " their [plaintiff's] legal department has suggested that the question be submitted to you for decision as to our responsibility for the demurrage." By a letter of April 3, 1919, to defendant, the Commission " before expressing any *opinion* upon the case " asks further information and finally, upon July tenth, " held that * * * the car was subject to demurrage charges while held at Noyes awaiting the export license, it being the duty of the shipper to furnish such license."

That demurrage was due from some one was not in dispute. Neither was the fact that plaintiff was obliged to collect it from either defendant or its consignee. (*New York Central R. R. Co. v. Federal Sugar Ref. Co.*, 235 N. Y. 182.)

The question was as to defendant's responsibility therefor. Defendant then insisted, and still insists, that its consignor and not itself was the shipper. Who, in law, was the shipper was the essence of the dispute — of the question asked and unanswered.

As we view it the holding of the Commission does not rise to the dignity of an award between the parties but is simply an expression of opinion concerning an abstract proposition of law, seemingly due to a full understanding by the Commission of its exact power, duties and limitations. At the most it was informal and advisory only.

Our attention has been called to various alleged irregularities and omissions of the Commission in the course of these proceedings, but because of our conclusion that the Interstate Commerce Commission had no jurisdiction to act as an arbitrator herein, they need not be considered. The merit of the original dispute between the parties is not before us for determination; plaintiff sues upon an award; we hold there is no legal and enforcible award.

The judgment should be reversed on the law, with costs to the appellant, and the complaint dismissed.

All concur, except CROUCH, J., who dissents and votes for affirmance. Present — HUBBS, P. J., CLARK, SEARS, CROUCH and SAWYER, JJ.

Judgment reversed on the law, with costs, and complaint dismissed, with costs.