Prepared by State Reporter from Appeal Papers

THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v. SAMUEL SIEGER, Appellant.

*Crimes — assault in second degree — judgment of conviction affirmed.*

People v. *Sieger*, 219 App. Div. 773, affirmed.

(Submitted December 5, 1927; decided January 10, 1928.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered February 4, 1927, which affirmed a judgment of the Court of General Sessions of the county of New York rendered upon a verdict convicting the defendant of the crime of assault in the second degree.

*Robert S. Johnstone* and *Stanley L. Richter*, for appellant.
*Joab H. Banton, District Attorney* (*Robert Daru* of counsel), for respondent.

Judgment affirmed; no opinion.

Concur: CARDOZO, Ch. J., POUND, CRANE, ANDREWS, LEHMAN, KELLOGG and O'BRIEN, JJ.

---

ANDREW W. MELLON, Director General of Railroads, Appellant, v. ROCHESTER CAN COMPANY, Respondent.

*Arbitration — action to recover on alleged award of Interstate Commerce Commission.*

Davis v. *Rochester Can Co.*, 220 App. Div. 487, affirmed.

(Argued December 5, 1927; decided January 10, 1928.)

APPEAL from a judgment, entered May 7, 1927, upon an order of the Appellate Division of the Supreme Court in the fourth judicial department, reversing a judgment in favor of plaintiff entered upon a decision of the court at a Trial Term without a jury and directing a dismissal of the complaint. The action was to recover the amount of an alleged award of the Interstate Commerce Commission for car demurrage. A dispute having arisen between plaintiff and defendant as to the latter's liability for car demurrage the question was submitted to the Interstate Commerce Commission, whose secretary there-

after wrote to defendant that the Commission had considered the matter and held that the car in question was subject to the charges. The Appellate Division held that the holding of the Commission was not an award but simply an expression of opinion, informal and advisory only.

*Paul Folger* for appellant.

*John D. Lynn* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: CARDOZO, Ch. J., POUND, CRANE, ANDREWS, LEHMAN, KELLOGG and O'BRIEN, JJ.

---

THE PEOPLES TRUST COMPANY et al., as Executors of KATE DURYEA, Deceased, Respondents, *v.* UNION FERRY COMPANY OF NEW YORK AND BROOKLYN, Appellant.

*Landlord and tenant — lease — tax — covenant by lessee to pay taxes levied on property during term — liability for tax levied but not due until date of expiration of lease — validity of tax.*

*Peoples Trust Co. v. Union Ferry Co.*, 219 App. Div. 792, affirmed. (Argued December 5, 1927; decided January 10, 1927.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered February 11, 1927, unanimously affirming a judgment in favor of plaintiffs entered upon a verdict directed by the court in an action to recover the amount of a tax paid by plaintiffs for land leased by defendant from their testatrix, the lease containing a clause that defendant, " its successors and assigns, shall and will well and truly pay all taxes, water rents and assessments which may be laid or imposed on said premises." The tax was imposed in March, 1913, but did not become a lien until May 1, 1913, on which day the lease terminated. Defendant contended it was liable to pay only such taxes as became liens and were payable during the term of its lease and that in any event the tax was not properly levied and was invalid.