Syracuse Savings Bank, Respondent, v. Yorkshire Insurance Company, Ltd., Appellant, et al., Defendants.— Order reversed on the law, with ten dollars costs and disbursements, and motion denied, with ten dollars costs. Memorandum: Authorities on insurance and the courts of many of our sister States are divided on the question whether the mortgagee is concluded by the award of appraisers appointed by the company and the owner without notice to or the consent of the mortgagee. In *Beaver Falls B. & L. A., Aplnt.*, v. *Fire Ins. Co.* (305 Penn. St. 290) the Supreme Court of Pennsylvania held that the mortgagee under a standard mortgagee clause was not concluded by an appraisal had and an award made without its knowledge or .consent. In *Dragon* v. *Automobile Ins. Co. of Hartford* (265 Mass. 440) the Supreme Judicial Court of Massachusetts held that the mortgagee was bound by such an appraisal and award. Since no fraud is claimed by the plaintiff, we think the Massachusetts decision states the correct rule under the policy in suit here. The J. D. Taylor Construction Corporation, selected by Blumberg, was not a competent appraiser. The power of acting as an appraiser cannot be conferred on a corporation even by consent. (*Davis* v. *Rochester Can Company*, 220 App. Div. 487, 489, affd. 247 N. Y. 521.) The fact that the appraisal may be void does not destroy its potency as a defense if the defendant can prove on the trial that the award was for the full amount of the loss and damage suffered and that payment of the amount awarded was duly tendered to the plaintiff prior to the commencement of the action. All concur. (The order

grants plaintiff's motion to strike out the affirmative defense in defendant-appellant's answer. Present — Cunningham, P. J., Taylor, Dowling, Harris and McCurn, JJ. [See *post,* p. 845.]