## ANDERSON v. BRADY et al.

### No. 4081.

District Court, E. D. Kentucky, Covington Division.

Nov. 15, 1945.

Nichols, Wood, Marx & Ginter, of Cincinnati, Ohio, for plaintiff.

Martin & Smith, of Catlettsburg, Ky., for defendants.

SWINFORD, District Judge.

This case is before me on the written objection of John M. Seaton, Kendall G. Seaton, and Edward W. Seaton, co-executors of the will of Eliza I. Seaton, deceased, to the entry of a judgment against them, as executors, and on their motion to dismiss the complaint as against Eliza I. Seaton, deceased. They seek to apply Rule 25(a) (1), Rules of Civil Procedure, 28 U.S.C.A. following section 723c, which provides that if a party dies, the court, within two years after the death, may order substitution of the proper parties and if the substitution is not made, the action shall be dismissed as to the deceased party.

Eliza I. Seaton, the original defendant, who was one of many stockholders in Banco-Kentucky, died on September 19, 1942. The order of revivor against her executors was entered on August 18, 1944. The executors attack the order and contend that it is void on four different grounds. The record discloses that one of these grounds was asserted on a factual error and counsel for the defendants, in their final

brief, acknowledge the error and abandon that particular ground. The remaining three grounds on which they seek relief will be taken up and discussed in the order presented by the motion.

It is first contended that no notice was served on the defendants that motion for revivor would be made more than five days before the time specified for the hearing. Rule 6(d).

I cannot conclude that the order is void for failure to strictly comply with the time specified in this rule. The record shows that notice of the motion was served on the defendants on the 15th of August at their homes in Ashland, Ky. The hearing was to be had on the 18th of August at Lexington, Ky. It is true that there were only three days between time of service and time of the hearing, but the court must take cognizance of the fact that the place of hearing was a comparatively short distance from the place where the service was had and where the defendants lived; that the motion for revivor was not of a controversial nature and that its entry was more a perfunctory duty of the court, about which there could be little or no question. I do not construe this rule, as it is applied to the facts in this case, as a hard and fast limitation but that it is more directory and leaves the court some discretion as to its application in a given case. The record here discloses that these complaining defendants made no effort to attack the order of August 18th until after two years from the death of the defendant, Eliza I. Seaton, and thereby deliberately set about to establish a non-meritorious defense.

It is my opinion that the five-day period does not so much fix a limitation that must be applied in a hard and fast manner to each case but that this five-day period is given to allow parties time to prepare to meet questions raised by the motions of their adversaries. Where it is shown that they actually have notice of the motion before the time that the motion is to be heard with ample opportunity to appear and ask for additional time to prepare to meet the motion, courts should not apply the rule, if by such application the ends of justice would be defeated. Rule 1, Rules of Civil Procedure, expressly provides that the rules shall be construed to secure the just determination of every action.

What I have said here, with reference to the application of Rule 6(d) applies with equal force to the argument presented that the motion should be sustained because notice was not given in accordance with the requirements of Rule 6(e).

It is contended further that the motion was not properly signed by the attorneys for the plaintiff as required by Rule 7 (b) (2). I do not believe that it is necessary to comment at any length upon this rather trivial contention. The original motion was signed, as disclosed by the record. The copies which went out to the numerous defendants may not have been signed but there is nothing in the failure to sign these copies that in any way, so far as I am advised, mislead or hindered these complaining defendants.

This case has been on the docket for several years. There are a large number of defendants. It was awaiting determination of issued involved in a similar case, presenting identical questions. Mrs. Seation of issues involved in a similar case, deal at stake in the ultimate determination of the questions involved on the main issues.

All these facts may be considered in determining whether or not the defendants were hampered in presenting a legitimate defense by reason of the fact that the copy of the motion which they received was not signed by the attorneys of record. This was a rather well-known and widely-publicized case. I point out these things with the idea that there might be a stricter application of this rule, and the knowledge of who were the attorneys of record might be more pertinent in a more obscure or isolated case.

I am, therefore, of the opinion that the motion to dismiss the complaint as to Eliza I. Seaton should be overruled; that the objection to the entry of the judgment against these complaining defendants, as executors, should be dismissed and that the judgment should be entered.

An order in conformity with this ruling should be prepared by the attorneys for the plaintiff and submitted for entry.