PENNSYLVANIA RAILROAD COMPANY, Appellant, *v.* HENRY NASSHORN et al., Copartners Doing Business under the Name of HENRY NASSHORN, Respondents.

First Department, November 5, 1952.

*Joseph P. Allen* of counsel (*F. Sherwood Alexander* with him on the brief; *Conboy, Hewitt, O'Brien & Boardman,* attorneys), for appellant.

*David Kashman,* for respondents.

*Per Curiam.* The trial court had jurisdiction to determine the issue in this case as to whether the merchandise shipped should have been paid for at the tariff rate for " rags " or, as the carrier claimed, at the higher rate for " clothing." In the circumstances, plaintiff's complaint should not have been dismissed for lack of jurisdiction.

A controversy between a carrier and a shipper with respect to what classification merchandise may come under for rate purposes has been authoritatively held to be a question which

must be resolved by courts of law. (*Pennsylvania R. Co.* v. *Fox & London,* 93 F. 2d 669, certiorari denied 304 U. S. 566; *Texas & Pacific Ry. Co.* v. *Sonken-Galamba Corporation,* 100 F. 2d 158.) In *Bernstein Bros. Pipe & Mach. Co.* v. *Denver & R. G. W. R. Co.* (193 F. 2d 441, 444, 445) the court stated the apposite rule as follows: '' If the question is which of two rates apply, and there is no contest about the reasonableness of either rate, and the tariffs contain no technical words or phrases employed in a peculiar meaning, the question is not primarily one for the Interstate Commerce Commission, but is a judicial question of which the courts have jurisdiction in the first instance.''

The judgment should be reversed and a new trial ordered, with costs to appellant to abide the event.

PECK, P. J., DORE, COHN and CALLAHAN, JJ., concur.

Judgment unanimously reversed and a new trial ordered, with costs to the appellant to abide the event.