PORTO TRANSPORT, Incorporated,
Plaintiff,

v.

CONSOLIDATED DIESEL ELECTRIC
CORPORATION and Eur-Pac Cor-
poration, Defendants.

United States District Court
S. D. New York.
July 18, 1956.

claim and cross-claim of said defendant on the ground that they fail to state a legal defense and that they fail to state a claim upon which relief can be granted.

This is an action by a Connecticut corporation engaged in interstate commerce as a common carrier by motor vehicle. It is alleged in the complaint that at various times between December 11, 1953 and June 7, 1954, plaintiff transported certain items from the factory of defendant Consolidated Diesel Electric Corporation in Connecticut to defendant Eur-Pac Corporation in Brooklyn, New York. Plaintiff claims that the consignor, Consolidated Diesel, improperly classified said items as "power units," whereas the correct and proper classification of the items, according to the tariff schedules which plaintiff had on file with the Interstate Commerce Commission, was "motor vehicle chassis combined with generators." It is further alleged that "power units" take a fourth-class rating under said tariff schedules, whereas "motor vehicle chassis combined with generators" take a first-class rating and entail higher transportation charges. Therefore, plaintiff seeks to recover for the undercharges for transportation as a result of the alleged misclassification.

■■ With respect to plaintiff's motion to strike certain paragraphs in the answer for failing to comply with Rules 8(e) and 10(b), it should be noted that Rule 12(f), which relates to motions to strike, applies only to "redundant, immaterial, impertinent, or scandalous" matter and is inapplicable with respect to defenses which require separate statements. However, in view of the fact that the answer is not in conformity with the requirements of Rules 8(e) and 10 (b), this Court will entertain plaintiff's application as a motion to compel a separate statement of defenses. The answer sets up numerous affirmative defenses and each successive defense incorporates by reference all preceding defenses. Thus, the ninth affirmative defense contains thirteen separate defens-

Joseph M. Cohen, New York City, for plaintiff.

Sturm & Perl, New York City, for defendant Eur-Pac Corp.

LEVET, District Judge.

Plaintiff has moved to strike certain paragraphs of the answer and counterclaim of defendant Eur-Pac Corporation on the ground that they are not simple, concise and direct and that the defenses are not separately stated, all in violation of Rules 8(e) and 10(b) of the Federal Rules of Civil Procedure, 28 U.S. C.A. Plaintiff also seeks to strike certain paragraphs of the answer, counter-

es, one counter-claim and one cross-claim. Although defendant may feel that the incorporation of all prior defenses in each defense is conducive to continuity, it places plaintiff in the position of having to reply to a counterclaim which also incorporates seven affirmative defenses. The Federal Rules only require replies to counterclaims and not to affirmative defenses. Nevertheless, a responsive pleading to the counterclaim would also entail a replication to the seven affirmative defenses. Under the circumstances, defendant should serve an amended answer separately stating and numbering its defenses.

Plaintiff also contests the legal sufficiency of all but one of the affirmative defenses asserted in the answer. The third affirmative defense, which set up the statute of limitations, has not been challenged. It has been stated by both parties to this motion that the sixth affirmative defense has been withdrawn and, therefore, it will not be treated herein.

■ In the first affirmative defense, defendant alleges that the plaintiff itself inspected the items and described and classified them as "power units," which take a fourth-class rate, and not as "motor vehicle chassis combined with generators," which take a first-class rate. Therefore, defendant contends that having paid the transportation charges as billed by plaintiff, and plaintiff having accepted such payments in full satisfaction of said charges, the defense of full payment and discharge is valid. The Interstate Commerce Act, 49 U.S.C.A. §§ 316 (d) and 317(b) expressly prohibits common carriers by motor vehicle engaged in interstate commerce from discriminating in rates or from giving any person an undue preference or advantage. Manifestly, the collection of a lower rate by a carrier than that which is required under the tariff schedules filed by the carrier, constitutes a discrimination in favor of the person paying such rate. The cases have consistently so held regardless of the conduct, intention, mistake or misunderstanding of the parties with respect to the shipment. Pittsburgh, Cincinnati, Chicago & St. Louis Railway Co. v. Fink, 250 U.S. 577, 40 S.Ct. 27, 63 L.Ed. 1151; New York Central & Hudson River Railroad Co. v. York & Whitney Co., 256 U.S. 406, 41 S.Ct. 509, 65 L.Ed. 1016; Louisville & Nashville Railroad Company v. Central Iron & Coal Company, 265 U.S. 59, 44 S.Ct. 441, 68 L.Ed. 900; Pennsylvania R. Co. v. Fox & London, Inc., 2 Cir., 1938, 93 F.2d 669, certiorari denied 304 U.S. 566, 58 S.Ct. 949, 82 L. Ed. 1532.

■■ It is not only the right, but the duty, of an interstate common carrier to bring an action to recover undercharges in transportation which are violative of the Interstate Commerce Act. National Carloading Corp. v. Atchison, T. & S. F. Ry. Co., 9 Cir., 1945, 150 F.2d 210. "Moreover, equitable considerations may not serve to justify failure of carrier to collect, or retention by shipper of, any part of lawful tariff charges." Baldwin v. Scott County Milling Co., 307 U.S. 478, 485, 59 S.Ct. 943, 948, 83 L.Ed. 1409.

■ Defendant attempts to distinguish the case at bar from the foregoing principles on the ground that here there is no question of a lesser rate being charged for an item falling within an undisputed classification, but instead, the issue involves an attempt by a carrier to reclassify items with undisputed ratings. Nevertheless, an improper classification of items by a common carrier engaged in interstate business is no defense to the carrier's action to recover undercharges. Thus, in Pennsylvania R. Co. v. Fox & London, Inc., 2 Cir., 1938, 93 F.2d 669, 670, certiorari denied 304 U.S. 566, 58 S.Ct. 949, 82 L.Ed. 1532, a carrier brought an action to recover for having transported certain goods as " 'white metal alloy, scrap,' " which took a fifth-class rate, whereas it subsequently discovered that the metal was, in fact, aluminum scrap, which took a fourth-

class, or higher, rate under its published tariff. The Court of Appeals affirmed the District Court's holding that the carrier was not estopped from collecting the undercharge since estoppel could not become the means for successfully avoiding the requirement of the Interstate Commerce Act. See F. Burkhart Mfg. Co. v. Fort Worth & D. C. Ry. Co., 8 Cir., 1945, 149 F.2d 909. Plaintiff cannot recover in this action if it is determined upon trial that the items in question were not misclassified. Defendant's first affirmative defense is significant only if it relates to items which were, in fact, misclassified, and, in that event, it is without legal merit if plaintiff is an interstate common carrier. Since the answer puts in issue plaintiff's allegation that it is such a carrier, the defense must remain until plaintiff establishes said status.

Defendant alleges in its second affirmative defense that it was only an agent and had no beneficial interest in the items in question and is, therefore, not liable for charges beyond those already billed against it and which it paid. This defense is legally sound if defendant can prove at the trial that it complied with Section 323 of Title 49 U.S.C.A., which provides in part as follows:

> "Where any common carrier by motor vehicle is instructed by a shipper or consignor to deliver property transported by such carrier to a consignee other than the shipper or consignor, such consignee shall not be legally liable for transportation charges in respect of the transportation of such property (beyond those billed against him at the time of delivery for which he is otherwise liable) which may be found to be due after the property has been delivered to him, if the consignee (a) is an agent only and had no beneficial title in the property, and (b) prior to delivery of the property has notified the delivering carrier in writing of the fact of such agency and absence of beneficial title, and, in the

case of shipment reconsigned or diverted to a point other than that specified in the original bill of lading, has also notified the delivering carrier in writing of the name and address of the beneficial owner of the property."

Defendant's second affirmative defense is permitted to remain pending proof upon the trial.

█ The fourth affirmative defense is predicated on the theory that defendant relied upon plaintiff's classification of the items and paid the charges and, therefore, plaintiff should be estopped from claiming and making a different and higher classification and rating. This defense is essentially identical to the first affirmative defense and cannot be stricken until it is established that plaintiff is an interstate common carrier.

█ The fifth affirmative defense alleges that the Court lacks jurisdiction over the subject matter of this action. The complaint alleges that the plaintiff is a Connecticut corporation and that the defendants are New York corporations and that the amount in controversy exceeds $3,000. However, defendant Eur-Pac Corporation contends that this Court lacks jurisdiction because plaintiff has failed to exhaust its administrative remedies. This contention was specifically disposed of in Pennsylvania R. Co. v. Fox & London, Inc., 2 Cir., 1938, 93 F. 2d 669, certiorari denied 304 U.S. 566, 58 S.Ct. 949, 82 L.Ed. 1532, where the Court said:

> "Of course, the Interstate Commerce Commission only has such jurisdiction as has been conferred upon it by Congress, and that does not give it the power to make orders adjudicating claims of carriers against shippers and requiring the payment of such claims. See Davis v. Rochester Can Co., 220 App.Div. 487, 221 N.Y.S. 666, affirmed Mellon v. Rochester Can Co., 247 N.Y. 521, 161 N.E. 166; Laning-Harris Coal & Grain Co. v. St. Louis & San Fran-

**260**

cisco R. Co., 15 I.C.C. 37. So jurisdiction of such a controversy as this is vested exclusively in the courts. And, moreover, where the terms of the published tariff are themselves unambiguous, the issue must be resolved by reference to the rate published, treating it as established law like any plain statute, leaving only the incidental issue of applicability which is dependent only upon the fact of the nature of the commodity shipped. Properly speaking, no construction of a tariff is involved where the only controversy is whether the commodity shipped is one or another of two things plainly classified. That was the real issue here, and, because that is so, much of the argument as to tariff construction generally is beside the point." 93 F.2d at pages 670–671.

Therefore, the fifth affirmative defense should be stricken.

The defendant alleges in its seventh affirmative defense that the complaint fails to state a claim against defendant upon which relief can be granted. In support of this contention, defendant cites several of the grounds which have already been enumerated herein. In addition, defendant asserts that the complaint fails to claim that plaintiff and defendant were in privity of contract, express or implied, and that, in fact, defendant had no dealings with plaintiff. However, it was stated in Pittsburgh, Cincinnati, Chicago & St. Louis Railway Co. v. Fink, 250 U.S. 577 at page 581, 40 S.Ct. 27, that "The weight of authority seems to be that the consignee is *prima facie* liable for the payment of the freight charges when he accepts the goods from the carrier." Nevertheless, the seventh affirmative defense cannot be stricken until plaintiff establishes that it is a common carrier within the coverage of the Interstate Commerce Act.

The eighth affirmative defense is actually a counterclaim against plaintiff on the theory that if defendant is re-quired to pay the undercharge, it should be entitled to recover from plaintiff a like amount for having incurred attorney's fees and expenses in defending plaintiff's claim for the balance allegedly due. This question was clearly answered in F. Burkhart Mfg. Co. v. Fort Worth & D. C. Ry. Co., 8 Cir., 1945, 149 F.2d 909, where the Court said:

"The 'counterclaim' of the appellant is in reality an assertion that if the carrier is entitled to judgment for $3,494.65 on its claim for undercharges, the appellant is entitled to a judgment in an equal amount against the carrier for damages caused by the latter's fraud. The appellant, however, as one who was conclusively presumed and legally bound to know the tariff rate, cannot be heard to say that it was deceived or damaged by false representations about the rate. See Pettibone v. Richardson, 7 Cir., 126 F.2d 969, 970." 149 F.2d at page 910.

Therefore, the counterclaim must be stricken.

The ninth affirmative defense is, in fact, a cross-claim against defendant Consolidated Diesel Electric Corporation, although it also incorporates by reference all the preceding affirmative defenses. The cross-claim should be separately stated and numbered in conformity with Rule 10(b).

Defendant alleges in its tenth affirmative defense that upon information and belief plaintiff has failed to file or receive any certificate of authority to do business in New York and cannot sue here. Section 210 of the New York General Corporation Law, McK.Consol.Laws, c. 23, requires that foreign corporations, other than money corporations, doing business in New York must obtain a certificate of authority from its Secretary of State. The failure of a foreign corporation doing business in New York to obtain a certificate of authority precludes it from maintaining an action in New York upon any contract made by it.

See Mahar v. Harrington Park Villa Sites, 204 N.Y. 231, 97 N.E. 587, 38 L.R.A.,N.S., 210; Blum v. Krampner, Sup., 28 N.Y.S.2d 62, affirmed 261 App. Div. 989, 27 N.Y.S.2d 1000, reargument denied 262 App.Div. 756, 28 N.Y.S.2d 707. However, it has been held that a motor carrier authorized to engage in interstate commerce can maintain an action in New York for freight charges even though it had not complied with the aforementioned section. Brooks Transp. Co. v. Hillcrea Export & Import Corp., Sup.Ct.N.Y.Co.1951, 106 N.Y.S.2d 868. Whether or not plaintiff is a motor carrier authorized to engage in interstate commerce is a question of fact which will have to be determined before defendant's tenth defense can be stricken.

Paragraphs 14, 15 and 16 of defendant's answer, although included with the allegations relating to the first affirmative defense, are apparently designed to constitute three separate defenses to this action and must, therefore, be separately stated and numbered in accordance with this Court's ruling herein with respect to affirmative defenses, cross-claims and counterclaims. However, plaintiff has also challenged the legal sufficiency of the allegations contained in the aforesaid paragraphs. Paragraph 14 states that plaintiff has no claims against defendant; paragraph 15 alleges that plaintiff is not the proper party in interest; and paragraph 16 asserts that, upon information and belief, plaintiff has no capacity to sue.

Paragraph 14 is merely a summary of defendant's allegations contained in the other two aforesaid paragraphs and a repetition of defendant's challenge relating to the sufficiency of the complaint. It should, therefore, be stricken without prejudice to defendant to plead the specific grounds upon which it relies under the appropriate affirmative defenses.

Paragraphs 15 and 16 are insufficient in the absence of supporting particulars. It is also questionable as to whether defendant actually questions plaintiff's ca-

pacity to sue as a corporation, in which case supporting particulars are required in accordance with Rule 9(a), or whether defendant contends that plaintiff is not the real party in interest within the meaning of Rule 17(a). In any event, since defendant must serve an amended answer in which its defenses shall be separately stated and numbered, paragraphs 15 and 16 are stricken without prejudice to defendant to plead these defenses supported by such particulars as are within its knowledge.

Settle order on notice in conformity with the foregoing decision.