PORTO TRANSPORT, Incorporated,
Plaintiff,

v.

CONSOLIDATED DIESEL ELECTRIC
CORPORATION and Eur-Pac Cor-
poration, Defendants.

United States District Court
S. D. New York.

Dec. 12, 1956.

Joseph M. Cohen, New York City, for
plaintiff.

Sturm & Perl, New York City, for de-
fendant Eur-Pac, Abraham Fishbein,
New York City, on the brief.

LEVET, District Judge.

Plaintiff's motion to strike the answer of defendant Eur-Pac Corporation, in whole or in part, is disposed of as follows:

■ The contention that Rule 11 of the Federal Rules of Civil Procedure, 28 U.S.C.A., was violated in that plaintiff's attorney was served with an unsigned copy of the answer, is not well founded. Only the original answer need be signed. Copies served on the other party need not be signed. Pallant v. Sinatra, D.C. S.D.N.Y.1945, 7 F.R.D. 293; Anderson v. Brady, D.C.E.D.Ky.1945, 5 F.R.D. 85. Plaintiff's motion predicated on this objection is denied.

■ Paragraph 1 of the amended answer insofar as it denies knowledge or information sufficient to form a belief with respect to plaintiff's allegation in paragraph 2 of the complaint that "plaintiff was a common carrier by motor vehicle engaged in the transportation of property for hire under authority of Interstate Commerce Commission Docket No. MC–74120" is stricken. A defendant may not assert lack of knowledge or information as to matters of public record since an inspection of the record would reveal whether or not plaintiff was a qualified interstate carrier by motor vehicle. 2 Moore's Federal Practice § 8.22, p. 1677. Defendant shall serve an amended answer in which the aforesaid allegation is either denied or admitted.

The motion to strike the first, fourth, sixth and ninth affirmative defenses for legal insufficiency is denied, with leave to renew by the appropriate motion should defendant fail to put in issue plaintiff's alleged status as an interstate carrier.

■ The fifth affirmative defense, alleging lack of jurisdiction, in that Interstate Commerce Commission had jurisdiction of the matter, will not be stricken for legal insufficiency at this time. If no construction of a tariff is involved and "the only controversy is whether the commodity shipped is one or another of two things plainly classified," the Court may pass on it as an issue of law. Pennsylvania R. Co. v. Fox & London, Inc., 2 Cir., 1938, 93 F.2d 669, certiorari denied 304 U.S. 566, 58 S.Ct. 949, 82 L.Ed. 1532. However, "where words in a tariff are used in a peculiar or technical sense, and where extrinsic evidence is necessary to determine their meaning or proper application, so that 'the inquiry is essentially one of fact and of discretion in technical matters' then the issue of tariff-application must first go to the Commission." United States v. Western Pacific Railroad Company, 77 S.Ct. 161, 166.

In view of the aforementioned recent decision by the Supreme Court, this Court is of the opinion that the question of primary jurisdiction can best be resolved at the trial of this case, at which time all the facts will be before the Court.

The seventh affirmative defense and first counterclaim are also stricken for reasons indicated in my opinion dated July 18, 1956 (reported in 19 F.R.D. 256). This applies to both defense and counterclaim.

The eighth affirmative defense and first cross-claim against defendant Consolidated Diesel Electric Corporation are stricken as an affirmative defense to plaintiff's action. This matter should be separately pleaded solely as a cross-claim against defendant Consolidated Diesel Electric Corporation.

The first, second, third, fourth, fifth and ninth affirmative defenses are stricken on the ground that they are not separately stated as required by my order dated October 1, 1956. Defendant, Eur-Pac Corporation, may replead these matters, omitting the incorporation by reference of all the preceding conclusions of law set up as affirmative defenses.

Settle order on notice.