Ireland "Jimmy"
**FREDERICK, Plaintiff,**

v.

**Joseph KOZIOL, et al., Defendants.**

**Civ. A. No. 89–594–N.**

United States District Court,
E.D. Virginia, Norfolk Division.

May 7, 1990.

See also, D.C., 727 F.Supp. 1019.

William H. Hurd, Richmond, Va., Gary C. Byler, Virginia Beach, Va., for plaintiff.

John A. Heilig, Norfolk, Virginia, for defendants Tapman, Dorson, and First Hospital Corp.

Stuart E. Katz, City Atty., George M. Willson and Alfred W. Bates, III, Deputy City Attys., for defendants Koziol, Thereault, and Hundley.

F. Bradford Stillman, Norfolk, Va., for defendant Cimonetti.

## MEMORANDUM ORDER

REBECCA BEACH SMITH, District Judge.

This matter comes before the court on plaintiff's demand for a trial by jury. On August 16, 1989, plaintiff filed this action pursuant to 42 U.S.C. § 1983. Defendants Thereault, Hundley, and Koziol filed signed answers and grounds of defense on January 19, 1990,[1] and each filing included a certificate of service signed by counsel and dated January 19, 1990. Defendants Dorson, Tapman, and First Hospital Corporation also filed their answer on January 19, 1990, signed by counsel, and the answer included a certificate of service signed by counsel and dated January 19, 1990. Finally, defendant Cimonetti filed his answer on January 22, 1990, signed by counsel, and the answer included a certificate of service signed by counsel and dated January 22, 1990.

Plaintiff made his demand for a trial by jury on February 13, 1990. Noting that the demand appeared to be untimely, the court ordered plaintiff to submit a brief in

---

1. Koziol's answer and grounds of defense is signed by counsel. Although Thereault and Hundley are represented by counsel, their pleadings are signed by them and not their counsel. Rule 11 of the Federal Rules of Civil Procedure provides:

   Every pleading, motion, and other paper of a party represented by an attorney shall be signed by at least one attorney of record in the attorney's individual name, whose address shall be stated.... If a pleading, motion, or

other paper is not signed, it shall be stricken unless it is signed promptly after the omission is called to the attention of the pleader or movant.

By separate order, the court has provided counsel for Thereault and Hundley five (5) days in which to sign the pleadings. Although the pleadings will be stricken pursuant to Rule 11 if not so signed, they remain filed with the court and are not invalid until stricken.

support of his position and afforded defendants an opportunity to respond. Upon consideration of the briefs and the case file, the court finds that plaintiff's demand for trial by jury was untimely.

■ Rule 38(b) of the Federal Rules of Civil Procedure provides:

> Any party may demand a trial by jury of any issue triable of right by a jury by serving upon the other parties a demand therefor in writing at any time after the commencement of the action and not later than 10 days after the service of the last pleading directed to such issue.

Rule 20(A) of the Local Rules for the Eastern District of Virginia states that "[a]ny demand for jury must be in writing and filed strictly in accordance with Rule 38, Federal Rules of Civil Procedure."

As noted above, the certificates of service indicate that service of the last pleading in this action, Cimonetti's answer, was made on January 22, 1990. The answer was served by mail. Rule 5(b) of the Federal Rules of Civil Procedure provides that service by mail is complete upon mailing, and Rule 6(e) states that three (3) days shall be added to the response period if a party is responding to a notice or other paper served by mail. Therefore, plaintiff had thirteen (13) days from service of Cimonetti's answer to file his demand for trial by jury, and the last date on which plaintiff's demand for a jury trial would have been timely was February 8, 1990.[2] Because plaintiff did not request a jury

trial until February 13, 1990, his demand was untimely under Rule 38(b). Therefore, plaintiff has waived his right to a jury trial in this action. *See, e.g., McCray v. Burrell,* 516 F.2d 357, 371 (4th Cir.1975); *Krodel v. Houghtaling,* 468 F.2d 887, 887 (4th Cir.1972), *cert. denied,* 414 U.S. 829, 94 S.Ct. 57, 38 L.Ed.2d 64 (1973).

Plaintiff seeks to escape this conclusion by arguing that the thirteen (13) day period should be computed from February 22, 1990, the date on which the second of his two attorneys received copies of Thereault, Hundley, and Koziol's answers and grounds of defense.[3] Plaintiff is represented by Gary C. Byler and William H. Hurd, both of whom are members of the bar of this court.[4] Plaintiff contends that Hurd is his "lead counsel" and as such "has responsibility for insuring compliance with the applicable federal timetables and rules of procedure...." Amended Memorandum in Support of Demand for Trial by Jury, *Frederick v. Koziol,* Civil Action No. 89–594–N, at para. 8 (March 9, 1990). Plaintiff maintains that the arrangement of names and signatures on the complaint shows that Hurd is lead counsel. *Id.* at para. 5. Plaintiff cites no legal authority for this distinction and for these designated roles of his co-counsel, other than his incorrect assertion that Byler serves only as his "local counsel."[5]

Additionally, plaintiff does not dispute that these answers were mailed to Byler;

---

**2.** Rule 6(a) of the Federal Rules of Civil Procedure provides that "[w]hen the period of time prescribed or allowed is less than 11 days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation." Although plaintiff had a total of thirteen (13) days in which to respond, the addition of the three (3) day mailing period to the ten (10) day period set forth in Rule 38(b) does not require inclusion of Saturdays, Sundays, and legal holidays. Rather, the underlying ten (10) day period of Rule 38(b) controls, and Saturdays, Sundays, and holidays are excluded.

**3.** Plaintiff does not challenge service of the last pleading filed in this matter, Cimonetti's answer of January 22, 1990. Rather, he argues that counsel did not realize that Cimonetti's answer was the last pleading because Thereault, Hundley, and Koziol's answers and grounds of de-

fense of January 19, 1990, had not been properly received.

**4.** Plaintiff incorrectly refers only to Byler as local counsel in this case. "Local counsel" refers to an attorney who is a member of this court's bar, i.e., the bar of the Eastern District of Virginia, and the term arises in the context of the requirement that a member of this court's bar join in any pleading filed by an attorney who has not been admitted to practice in this district. *See* E.D.Va.R. 7(F). Both Byler and Hurd have been admitted to practice in this district, although their offices are located in different divisions (Norfolk and Richmond, respectively). Because Hurd is a member of this court's bar, both Hurd and Byler are local co-counsel.

**5.** *See supra* note 4.

he claims Byler received them sometime prior to February 6, 1990. *Id.* at para. 8. Plaintiff does assert that the service on Byler was defective because the pleadings were unsigned and undated, other than reference to January, 1990, in the certificate of service. *Id.* at para. 8.[6] Plaintiff further contends that Byler "was lulled into believing that copies of the responsive pleadings were in fact sent to Lead counsel for his review and action by the inaccurate certificate stating copies had been mailed to 'Counsel of record.'" *Id.* at para. 9.

Initially, the court rejects any suggestion that Byler is relieved of responsibility for plaintiff's case because he is not "lead counsel." Neither the Federal Rules of Civil Procedure, nor the Local Rules for the Eastern District of Virginia, make such a distinction. In particular, Local Rule 7(F) provides that "[a]ny counsel who joins in a pleading, motion, or other paper filed with the Court will be held accountable for the case by the Court." *See also* 2 J. Moore, J. Lucas, H. Fink & C. Thompson, MOORE'S FEDERAL PRACTICE, para. 5.07 at 5–26 and 5–27 (2d ed. 1989) ("When a party is represented by more than one attorney of record, service upon any one of them is sufficient."). Not only has Byler joined in every pleading, motion, and other paper filed with the court, but the majority of these documents—including the February 13 demand for a jury trial—are under his signature alone, without reference to Hurd. As counsel, Byler is responsible for plaintiff's case, and his responsibilities include timely compliance with Federal Rule of Civil Procedure 38(b) and Local Rule 20(A).[7]

Moreover, plaintiff's assertions that service on Byler was defective and that he was misled by the certificates of service are without merit. Thereault, Hundley, and Koziol's certificates stated that copies of their answers and grounds of defense had been mailed to "counsel of record."

Plaintiff maintains that Byler was thereby "lulled into believing" that copies had been forwarded to Hurd for "his review and action." However, Byler was copied on the cover letter sent to the clerk of the court with the pleadings, which letter on its face showed only Byler, and not Hurd, copied.[8] Also, the certificates stated "counsel of record" not "all counsel of record." Therefore, Byler was on notice that Hurd had not received copies of the pleadings, and he should not have been misled by the certificates of service. In any event, the court has already concluded that Byler is responsible for timely filings in the case, whether or not Hurd received the pleading. *See supra* at 5.

■ Finally, the fact that Byler received unsigned and undated copies of the pleadings does not render service defective. Rule 11 requires that pleadings and other papers filed with the court be signed. Although Rule 5(b) provides that "[s]ervice upon the attorney ... shall be made by delivering a copy to the attorney ... or by mailing it to the attorney," there is no requirement that the copy be signed. *See Porto Transport v. Consolidated Diesel Electric Corp.*, 20 F.R.D. 1, 2 (S.D.N.Y. 1956) ("Copies served on the other party need not be signed.") (citing *Pallant v. Sinatra*, 7 F.R.D. 293 (S.D.N.Y.1945); *Anderson v. Brady*, 5 F.R.D. 85 (E.D.Ky. 1945)).

Neither the Federal Rules of Civil Procedure nor this court's local rules require that the pleadings be dated; the pleadings must merely be timely served. Plaintiff states that Byler "was mailed a copy of the pleadings in question at some point prior to February 6, 1990." · Amended Memorandum in Support of Demand for Trial by Jury, *Frederick v. Koziol*, Civil Action No. 89–594–N, at para. 8 (March 9, 1990). The certificates of service on file with the court state that copies of the pleadings were

---

6. As previously indicated, *supra* at 1 & note 1, the answers and grounds of defense of Thereault, Hundley, and Koziol filed with the court were signed and included a certificate of service signed by counsel and dated January 19, 1990.

7. Both Byler and Hurd, as local co-counsel, were and are individually, as well as jointly, responsible for the case, including timely filings. *See supra* note 4.

8. Plaintiff does not contend that Byler did not receive the cover letter with the pleadings.

mailed on January 19, 1990.[9] Rule 5(b) provides that service by mail is complete upon mailing, and an attorney's certificate of service is sufficient proof of service. *Hampton v. United States Postal Service,* 789 F.2d 916 (4th Cir. May 6, 1986); *see Timmons v. United States,* 194 F.2d 357, 360–61 (4th Cir.), *cert. denied,* 344 U.S. 844, 73 S.Ct. 59, 97 L.Ed. 656 (1952); *Boyd v. Jordan,* 60 F.R.D. 203, 204 (E.D.N.C. 1973). Accordingly, the court finds that Byler was properly served by mail on January 19, 1990, with Koziol's, Thereault's, and Hundley's answers and grounds of defense, regardless of the date on which he may have actually received the pleadings.

As plaintiff has not timely complied with Federal Rule of Civil Procedure 38(b) and Local Rule 20(A), his demand for a trial by jury is DENIED. However, the court will reconsider plaintiff's demand if at least one of the attorneys representing Thereault and Hundley does not timely comply with the court's separate order issued this date requiring proper signing of their pleadings under Rule 11 of the Federal Rules of Civil Procedure.

The Clerk shall mail a copy of this Order to all counsel of record.

### ORDER

A review of this file indicates that defendants A.A. Thereault and Donald Hundley are represented by Stuart E. Katz, Esquire, George M. Willson, Esquire, and Alfred W. Bates, III, Esquire. Defendants Thereault and Hundley filed answers and grounds of defense with this court on January 19, 1990, signed by themselves and not their counsel. Rule 11 of the Federal Rules of Civil Procedure provides in pertinent part that:

> Every pleading, motion, and other paper of a party represented by an attorney shall be signed by at least one attorney of record in the attorney's individual name, whose address shall be stated. . . . If a pleading, motion, or other paper is not signed, it shall be stricken unless it is signed promptly after the omission is called to the attention of the pleader or movant.

Accordingly, "at least one attorney of record" for defendants Thereault and Hundley shall, within five (5) days of the date of this order, sign their clients' answers and grounds of defense, filed with this court on January 19, 1990, or the pleadings shall be stricken pursuant to Rule 11 of the Federal Rules of Civil Procedure.

It is so ORDERED.

---

**9.** Additionally, the letter to the clerk forwarding the pleadings in question was dated January 19, 1990. As previously discussed, Byler was copied on this letter, and plaintiff does not contest receipt of this cover letter by Byler. *See supra* at 622 & note 8. The date on this cover letter would have at least given notice to Byler, or put him on inquiry, as to the service date of the pleadings. While the cover letter received by the clerk was signed by counsel, it is not known whether Byler's copy of the letter was signed. However, this latter fact is irrelevant to this inquiry. *See supra* at 622.