Charles Keith **BOYD**, Plaintiff,

v.

**J. D. JORDAN**, Sergeant of State Department of Correction, Unit 3545, Wilmington, N. C., Defendant.

Civ. No. 4255.

United States District Court,
E. D. North Carolina,
Raleigh Division.

July 16, 1973.

Charles Keith Boyd, pro se.

Jacob L. Safron, Asst. Atty. Gen., Raleigh, N. C., for defendant.

## ORDER

BUTLER, Chief Judge.

By order of this court dated March 21, 1973, the plaintiff, a state prisoner, was granted leave to file in forma pauperis a civil rights complaint under 42 U.S.C. § 1983, in which he alleges that the defendant, an employee of the State Prison Unit in New Hanover County, while acting under color of state law, falsely arrested the plaintiff, in violation of his federal constitutional rights. The complaint was filed by the clerk of this court on March 26, 1973. Summons was issued by the clerk on March 27, 1973, and the summons and complaint were served on April 12, 1973, by delivering a copy thereof to Lieutenant Bean, New Hanover County Unit, Wilmington, North Carolina.

The defendant has filed a motion to dismiss. The defendant's certificate of service shows that the motion to dismiss was mailed to the plaintiff on May 1, 1973. The motion was filed by the clerk on May 3, 1973.

■ On June 8, 1973, the clerk received a paper writing from the plaintiff, which reads as follows:

I am writing you about Case No. 4255, Charles Keith Boyd -vs- J. D. Jordan. Although the defendant filed an answer May 3, 1973 he was a day late and should have filed it May 2, 1973 and I want immediately (sic) action taken.

Construing this paper writing with the liberality to be accorded pro se pleadings, the court will consider it as a motion for entry of default pursuant to Rule 55(a), Federal Rules of Civil Procedure.

■ Rule 55(a) makes mandatory the entry of default by the clerk, "when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend" in apt time, and when "that fact is made to appear by affidavit or otherwise." In this case the clerk would be required to enter the default, if the defendant were in fact in default.

■■ The defendant, however, is not in default. Rule 5(b), Federal Rules of Civil Procedure, provides that service may be made by mailing the papers to be served to the adverse party "at his last known address," and that "Service by mail is complete upon mailing." The defendant's certificate of service indicates that the motion to dismiss was mailed to the plaintiff on May 1, 1973, one day before the expiration of the 20 days allowed the defendant in which to answer under Rule 12(a), Federal Rules of Civil Procedure. Rule 5(d) provides:

All papers after the complaint required to be served upon a party shall be filed with the court either before service or within a reasonable time thereafter.

The court finds that the filing of the motion to dismiss with the clerk on May

3, 1973, was within a reasonable time after service thereof.

The defendant did not answer the complaint, but responded instead with a motion to dismiss on the grounds that (1) the court lacks jurisdiction over the subject matter of the complaint; (2) that "the contentions set forth in the complaint are conclusory in nature and fail to adequately allege facts in support thereof"; (3) that the complaint fails to state a claim upon which the relief sought can be granted, and (4) that the complaint is "captious and frivolous." Under Rule 12, such a motion suffices to prevent a default by the defendant. The defense of lack of jurisdiction over the subject matter and failure to state a claim upon which relief can be granted, by the express terms of Rule 12 (b), may be raised by motion. Furthermore, Rule 12(a) provides that the service of such a motion under Rule 12 alters the time periods provided for in Rule 12(a) in that "if the court denies the motion or postpones its disposition until the trial on the merits, the responsive pleadings shall be served within 10 days after notice of the court's action."

Rule 12(b) further provides that if, on a motion asserting the defense of failure to state a claim upon which relief can be granted, "matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56." The defendant's motion falls within Rule 12(b) and shall be treated as a motion for summary judgment.

The defendant has submitted three affidavits in support of his motion to dismiss. It appearing to the court that these affidavits comply with the requirements of Rule 56(e), they will not be excluded by the court.

The plaintiff is advised of the following terms of Rule 56(e), under which the ruling upon defendant's motion will be made:

. . . When a motion for summary judgment is made and supported as provided for in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.

Now, therefore,

It is ordered that the plaintiff's motion for entry of default be, and it is hereby, denied.

It is further ordered that the plaintiff be allowed 20 days in which to respond to defendant's motion to dismiss, by affidavit or otherwise as provided in Rule 56(e).