Frank MADDEN, Plaintiff,

v.

Max CLELAND, as Secretary of State, State of Georgia, Joe Frank Harris, individually and as Governor of the State of Georgia, George H. Kreeger, individually and as newly appointed judge of the Superior Court of Cobb County, Georgia, Defendants.

Civ. A. No. C84–1299A.

United States District Court,
N.D. Georgia,
Atlanta Division.

March 29, 1985.

Gerald Word, Word, Cook & Cook, Douglasville, Ga., E. Carl Prince, Jr., also of Word, Cook & Cook, Carrollton, Ga., for plaintiff.

Michael J. Bowers, Atty. Gen., Michael S. Bradley, Asst. Atty. Gen., Atlanta, Ga., for defendants.

### ORDER

VINING, District Judge.

In this section 1983 action, a registered voter of Cobb County, Georgia, has sued the Governor of Georgia, Joe Frank Harris, the Georgia Secretary of State, Max Cleland, and a recently appointed Cobb County Superior Court judge, George H. Kreeger, for deprivation of the right to vote for candidates for the newly created judicial position in Cobb County. The Georgia constitution requires that all superior court judges be elected for a term of four years. Ga. Const. art. VI, § 7, para. 1. The bill which created the sixth superior court judgeship for the Cobb Judicial Circuit, however, provided for appointment by the governor to an initial two-year term to be followed by election for a four-year term. Act No. 827, 1984 Ga. Laws p. 434. The plaintiff alleges that the original bill called for the sixth judge to be elected, but that, under threat of veto by the governor, the bill was changed to allow the appointment. The plaintiff further alleges that the governor's actions were motivated by his desire to appoint George Kreeger, a longtime friend, to the new position. The plaintiff contends that this disenfranchisement of Georgia voters is so egregious that it not only violates the Georgia constitution but also violates the due process clause of the Fourteenth Amendment to the United States Constitution.

The plaintiff has both historical and legal precedent for his contention. In 1981, George D. Busbee, the previous Georgia governor, appointed an individual to the Georgia Supreme Court to replace a justice who had resigned. Georgia voters sued in federal court to challenge the appointment by the governor and to force state officials to call a special election as required by

Georgia statute. *Duncan v. Poythress,* 515 F.Supp. 327 (N.D.Ga.1981). Judge Freeman held in *Duncan v. Poythress* that "the presumption that the office would be filled by appointment and the desire to exercise the governor's prerogative overrode the statutory obligation to call a special election, and resulted in an infringement of the plaintiffs' right to vote," *id.* at 342, a right he held was protected by federal principles. The Fifth Circuit affirmed the judgment in favor of the Georgia voters, holding that their disenfranchisement was an election practice so fundamentally unfair that it violated the due process guarantees of the Fourteenth Amendment. *Duncan v. Poythress,* 657 F.2d 691, 704 (5th Cir.1981) (Unit B).

Arguing that *Duncan v. Poythress* was wrongly decided, the defendants have filed a motion to dismiss the present complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. The attorneys' memoranda do not consider whether the case *sub judice* would be affected by the United States Supreme Court's recent decision that the Eleventh Amendment prohibits federal district courts from ordering state officials to conform their conduct to state law. *Pennhurst State School & Hospital v. Halderman,* 465 U.S. 89, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984). The court will DEFER ruling on the motion to dismiss to allow counsel time to submit short briefs on the following issue: Assuming this court is bound by the reasoning of the Fifth Circuit in *Duncan v. Poythress,* does the Eleventh Amendment prohibit this court from ordering the governor, the secretary of state, and a Superior Court judge to conform their conduct to an election provision in the Georgia constitution even if violation of that provision also, derivatively, violates the federal due process guarantee?

The following preliminary matters may be resolved independently of the motion to dismiss: first, the plaintiff's request that the clerk enter a default in this action based on the alleged failure of the governor and the secretary of state to respond in a timely fashion after service of process;

second, the defendants' motion to compel more complete answers to their interrogatories; and, third, the plaintiff's motion to add the State of Georgia as a party defendant.

## I. REQUEST FOR ENTRY OF DEFAULT

On August 1984, the attorney for the plaintiff filed an affidavit requesting the clerk to enter a default in this action. The plaintiff's attorney informed the clerk that the service dates for the secretary of state and for the governor, respectively, were July 5, 1984, and July 6, 1984, and that both had "failed to respond within the allotted 20 days and did not file any response until July 30, 1984." The affidavit is correct on the basic point that Federal Rule of Civil Procedure 12(a) allowed the defendants 20 days after the service of the summons and complaint to respond either with their answer or with a motion to dismiss. The affidavit, however, reveals several misconceptions on the attorney's part concerning the method of service which he used and concerning the effect of service by mail under Federal Rule of Civil Procedure 4(c)(2)(C)(ii) on the computation of the 20-day period for the defendants' response. The plaintiff's attorney mistakenly starts the computation with the postmarked date on the green card which the United States Postal Service uses as a return receipt for certified mail and incorrectly stops the computation with the date the defendants' response was filed with the clerk's office rather than the date the response was served on him.

### A. *The Service Method Used*

The Federal Rules were amended in 1983 to reduce the role of federal marshals in the service of process in most civil actions. 4 C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure* § 1061 (1st ed. 1969 Supp.1984). The amendments, as proposed by the Judicial Conference Rules Committee and as accepted by the United States Supreme Court, authorized service by registered or certified mail. *Id.* When

the proposals reached the House Committee on the Judiciary, however, numerous complaints were received from opponents of the certified mail method as unreliable and as an unfair basis for entry of default judgments. Praise was received from proponents of an established California system of service by first class mail with an acknowledgement form enclosed. *See* Statement by Representative Edwards as Member of House Committee on the Judiciary, *reprinted in* 1982 U.S.Code Cong. & Ad. News 4434, *and in* 96 F.R.D. 81, 116, 131 (1983). After the committee studied the comments and criticism, Congress enacted the California mail method instead of the certified mail method. *Id.* Accordingly, Federal Rule of Civil Procedure 4, now allows service by the following methods:

1. By a private process server under Rule 4(c)(2)(A);

2. By a United States Marshal in certain specialized actions under Rule 4(c)(2)(B);

3. By reference to the law of the state in which the district court sits under Rule 4(c)(2)(C)(i);

4. By mailing a copy of the summons and of the complaint, by first-class mail, postage prepaid, to the person to be served, together with two copies of a notice and acknowledgement conforming substantially to Form 18–A in a return envelope, postage prepaid, addressed to the sender under Rule 4(c)(2)(C)(ii).

The plaintiff's attorney sent the summons and the complaint to the defendants by certified mail, enclosing a civil process return, a form designed for personal service. The attorney's affidavit states vaguely that this unusual service method was "pursuant to local rules." Service could not have been made pursuant to the Local Rules of the Northern District of Georgia, because at that time the district court rules had not yet been changed to reflect the recent amendment to the Federal Rules. Service could not have been made pursuant to the local service methods for Georgia courts, because Georgia law has no provision for service by mail. *See*

O.C.G.A. § 9–11–4. This attempt at service could only have been made pursuant to the new federal provision for service by first-class mail under Federal Rule of Civil Procedure 4(c)(2)(C)(ii).

The attempt under that provision was defective from the start since the plaintiff's attorney erroneously enclosed a "civil process return," a form to be used for personal service by a process server, instead of Form 18–A, the "Notice and Acknowledgement of Service by Mail." The plaintiff's attorney signed the inapplicable forms in the space for the process server's signature and dated them July 3, 1984. The governor and the assistant secretary of state signed and dated the lower portion of the civil process returns as acknowledgement of their receipt of the summons and complaint by mail. In sum, the parties managed to press the wrong form into the right function. At any rate, the use of the wrong form no longer jeopardizes the effectiveness of service in the case *sub judice*, since the defendants waived any defect in service by filing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) without raising the defenses of insufficiency of the form of process or the service of process. *See* Federal Rule of Civil Procedure 12(h)(1).

### B. *Beginning the Computation*

The plaintiff uses the date postmarked on the green return receipt card as the date of service for the defendants. As discussed above, such reliance on return receipts for registered or certified mail was specifically rejected by Congress. In the service by mail method which Congress adopted, the date of service should be based, assuming that the acknowledgement is executed and returned, either on the date of the plaintiff's mailing or on the date the defendant signs the acknowledgement form.

The language in the amended Federal Rule and in the body of the new acknowledgement form, Form 18–A, fails to identify either of these dates as the date service is complete under Federal Rule of Civil

Procedure 4(c)(2)(C)(ii). The text of the rule provides that the sender shall use an alternative method of service if he does not receive an executed acknowledgement of service within 20 days of the date of mailing. The rule itself does not discuss the 20-day period for answering. Form 18–A, which has official status as an appendix to the federal rules, instructs the person served that he must complete the acknowledgement form and return a copy to the sender within 20 days, that if he fails to do so he may be required to pay the expense of service by another method, and that if he does complete and return the form, he must answer the complaint within 20 days. The text of the form makes no reference to the date of the mailing, and its emphasis on the completion of the acknowledgement form could easily lead the recipient to believe that service is complete upon, and that the period to answer is triggered by, his execution of the form.

This is not the first court to encounter problems with computation of time under the amended rule due to the ambiguity in the rule and the form. *See, e.g., Henry v. Glaize Maryland Orchards, Inc.,* 103 F.R.D. 589 (D.Md.1984) (court expressed doubt about computation of 20-day period before alternative service must be used).

New local rules for the Northern District of Georgia became effective after service of process was attempted in this case. Local Rule 205–3(a)[1] tries to resolve the computation problem by interpreting Form 18–A as starting the period both for returning the acknowledgement form to the sender and for answering the complaint with the postmarked date on which the

sender mailed the summons and complaints.

The interpretation in the new local rule is inconsistent with the underlying purpose of the amendment to the Federal Rule. It is clear from the legislative history that Congress intended to adopt the California system for service by mail. It was probably inadvertent that the federal form did not include the clear statement in the form that has been used in California under Cal.Civ. Code § 415.30, that the summons under that method is deemed served on the date of execution of the acknowledgement form. *See Shoei Kako Co., Ltd. v. Superior Court,* 33 Cal.App.3d 808, 109 Cal.Rptr. 402 (1973). It is also clear that Congress intended to encourage attorneys for defendants to accede to the use of informal service by mail by adopting a provision that the costs of alternative service may be assessed against defendants who do not execute the acknowledgement form. The new local rule by making service effective upon the date of mailing creates a positive incentive not to sign the acknowledgement that counteracts the negative incentive in the Federal Rule. Under the Local Rule, a party by signing the acknowledgement would actually decrease the time allowed for his attorney to prepare a response to the complaint, but by refusing to sign the acknowledgement, the party would gain time for response at the cost of approximately $15 to $20 for alternative service by a private process server or by the U.S. Marshal. With that choice posed by the Local Rule, few attorneys would recommend signing and few parties would decide to sign the acknowledgement form. *See, e.g., Morse v. Elmira Country Club,* 102 F.R.D. 199 (W.D.N.Y.1984); *Billy v. Ash-*

---

**1.** Local Rule 205–3(a) provides:

When services is made by first-class mail, proof of service shall be made by filing Form 18–A as a return. The requirement stated in the "Notice" portion of Form 18–A that the acknowledgement part of the form must be completed and one copy of the completed form returned to the sender "within 20 days" means within 23 days after the date postmarked on the envelope sent to a defendant or his representative containing the summons, complaint, and two copies of Form 18–A. (See F.R.Civ.P.

4(c)(2)(C)(ii); F.R.Civ.P. 6(e).) The requirement of the "Notice" that, if Form 18–A is completed and returned, the defendant or his representative "must answer the complaint within 20 days" means within 23 days after the postmarked date on which the sender mailed the complaint. (See F.R.Civ.P. 6(e); F.R.Civ.P. 12(a).) It shall be the responsibility of the person serving process to provide Form 18–A. (See F.R.Civ.P. 4(c)(2)(C)(ii); F.R.Civ.P. Appendix of Forms, Form 18–A.)

*land Oil, Inc.,* 102 F.R.D. 230 (D.Pa.1984). In both of these cases, the defendants openly refused to cooperate with the plaintiff's use of the informal service method.

■ This court holds that Local Rule 205–3(a), in identifying the date of mailing as the date from which the period for answering the complaint is measured, is inconsistent with the clear intent of the Federal Rules to adopt the California method for service by mail and defeats the incentive structure of the Federal Rule. This court holds that Local Rule 205–3(a) is invalid and that the period for the defendants' response by answer or motion to dismiss should be measured from the date the defendants executed the acknowledgement forms. *See* Federal Rule of Civil Procedure 83.

### C. *Adjustment of the Period by the Three-Day Extension*

■ The defendants argue that their time for response should be increased to 23 days. Federal Rule of Civil Procedure 6(e) adds three days to any period in which a party has to act when his action is triggered by service of a motion or other paper upon him and the service is made by mail. Since this court has held that the defendants' duty to respond is triggered by their execution of the acknowledgement rather than by the mailing of service to them, Rule 6(e) does not apply.

The purpose of Rule 6(e) is to equalize the time for action available to parties served by mail with that afforded those served in person, *see Carr v. Veterans Administration,* 522 F.2d 1355, 1357 (5th Cir.1975), and to ensure that a party is not penalized by being allotted less time to complete his task merely because his adversary chooses to use the mail, *see Kessler Institute for Rehabilitation v. NLRB,* 669 F.2d 138 (3d Cir.1982). There is no need to roughly equalize the number of working days for litigants served personally and for those served by mail to prepare an answer to a complaint when the period for both litigants begins with their acknowledgement of receipt of process. Accordingly, this

court holds that Local Rule 205–3(a) is incorrect in extending the 20-day period for response to a complaint by three days when the complaint is served under Federal Rule of Civil Procedure 4(c)(2)(C)(ii).

### D. *Ending the Computation*

■ The plaintiff's attorney ends his computation either with the filing date stamped by the clerk's office on the defendants' motion to dismiss or with the date of his actual receipt of the motion to dismiss. Federal Rule of Civil Procedure 12(a) requires only that the defendant *serve* his answer or motion to dismiss within the time period. Service of the answer or of the motion to dismiss is complete upon mailing to the opposing attorney's office. Federal Rule of Civil Procedure 5(b). *See also Boyd v. Jordan,* 60 F.R.D. 203 (E.D.N.C.1973). The date of receipt is irrelevant to the computation, and filing with the clerk's office may be completed within a reasonable time thereafter, under Federal Rule of Civil Procedure 5(d), although filing had to be completed within five days of service under former Local Rule 151.9.

■ Under a correct calculation of the period for the defendants' response to the complaint, the opposing attorney's affidavit does not establish that the defendants are in default. It appears that service was mailed by the plaintiff's attorney on July 3, 1984, the date he executed the "Civil Process Return." The defendants executed the form which they treated as an acknowledgement on July 6 and July 10, 1984. The certificate of service indicates that the defendants completed service of the motion to dismiss by mailing it to the plaintiff's attorney on July 26, 1984. Therefore, the defendants served their motion to dismiss exactly within the time allowed if the period were measured from the date of mailing, the date used by the local rule and if it were extended by three days. More importantly, the motion was served within the 20-day period measured from the date the acknowledgments were signed, a date more consistent with the intent and incentive structure of the Federal Rules. The clerk is hereby DIRECTED to disregard the

plaintiff's affidavit requesting entry of default.

## II. MOTION TO COMPEL ANSWERS TO INTERROGATORIES

 Before filing a motion to compel discovery, attorneys have a duty to confer with the opposing attorneys in a good faith effort to resolve the discovery dispute. The local rules in effect when this motion to compel was filed, *see* Rule 91.62, and the rules now in effect, *see* Rule 225–4(a), (b), require attorneys to file with a motion to compel a certificate concerning that conference. No such certificate was filed with this motion, and the plaintiff's attorney states that counsel has not discussed with him the inadequacy of the answers to the interrogatories. Accordingly, the motion to compel is DENIED for failure to confer as required by the local rule.

## III. MOTION TO ADD THE STATE OF GEORGIA AS A PARTY DEFENDANT

 The State of Georgia is protected from this suit by principles of sovereign immunity; however, the plaintiff has filed a motion to add the state as a party for the sole purpose of assessing against it attorney's fees and costs for this section 1983 action. Naming the state as a party for this limited purpose is approved by *Glover v. Alabama Department of Corrections,* 734 F.2d 691, 694–95 (11th Cir.1984).

 The defendants' motion to dismiss was not a responsive pleading under the Federal Rules. *See Chilivis v. Securities and Exchange Commission,* 673 F.2d 1205, 1209 (11th Cir.1982). Since the plaintiff filed its motion to amend before a responsive pleading was filed by the defendants the amendment was effective as a matter of course under Federal Rule of Civil Procedure 15(a).

## IV. SUMMARY

The attorneys are DIRECTED to submit within 15 days from the filing of this order concise memoranda on the applicability of *Pennhurst State School & Hospital v. Halderman* to the case *sub judice.* Consideration of the motion to dismiss will be DEFERRED until that time. Local Rule 205–3(a) is declared invalid; the clerk is DIRECTED to disregard the request for entry of default; the motion to compel is DENIED; the motion to add the State of Georgia as a defendant for the limited purpose of assessing attorney's fees and costs is ALLOWED as a matter of course.

The court notes that due to the seriousness of this challenge to the authority of the Superior Court judge currently sitting in Cobb County, extensions of time will be disfavored and trial will be scheduled on an accelerated basis. The attorneys should plan accordingly.