Mark J. DRISCOLL, et al., Plaintiffs,

v.

Barry L. SHUTTLER, et al., Defendants.

John GREENWOOD, et al., Plaintiffs,

v.

Barry L. SHUTTLER, et al., Defendants.

Wayland BLOWE, et al., Plaintiffs,

v.

Barry L. SHUTTLER, et al., Defendants.

Civ. A. Nos. C85–4615A, C85–4635A and C85–4636A.

United States District Court, N.D. Georgia, Atlanta Division.

May 1, 1987.

Robert D. Feagin, James R. McGuone and Dinah L. Hamilton, Gambrell, Clarke, Anderson & Stolz, Atlanta, Ga., for defendants Barry L. Schuttler, FSC Securities Corp. and Financial Service Corp.

Frank A. Lightmas, Jr. and Jamie Brownlee-Jordan, Kutak, Rock & Campbell, Atlanta, Ga., for defendant Overcash, Alsup & Co., P.C.

Robert B. Thompson, Thompson, Fox, Hardman & Sammons, Gainesville, Ga., for defendants Lovana Farms, Inc., Virgil E. Lovell, Lovell Cattle Company, Carlos Lovell and Fred Lovell.

A. Timothy Jones and T. Ryan Mock, Jr., Freeman & Hawkins, Atlanta, Ga., for defendant Shannonhouse, IV.

Jeffrey M. Smith and John Clay Spinrad, Arnall, Golden & Gregory, Atlanta, Ga., for defendant Andrews, Davis, Legg, Bixler, Milsten & Murrah, P.C.

Sharon Douglas Stokes, Asst. U.S. Atty., for non-party Amon.

Gerald A. Feffer, James A. Bruton, III, Jeffrey D. Ubersax, Williams & Connolly, Washington, D.C., for Lovana Farms & Lovell defendants.

Michael W. Higgins, Higgins & Dubner, Atlanta, Ga., for plaintiffs.

## ORDER

ROBERT H. HALL, District Judge.

This case involves a suit by investors bringing federal securities and state fraud claims against the entities involved in marketing investor herds of breeding cattle including the alleged principals, their underwriters, accountants and attorneys. The crux of the action is that plaintiffs allege that while defendants sold them herds consisting of seven female animals for either $27,000 or $31,500 cash per herd plus an additional $69,900 or $81,550 per herd paid in promissory notes, the same animals were purchased by defendant Lovana Farms, Inc. from defendant Lovell Cattle Company for approximately $600 each.

Defendant Lovana Farms, Inc. began marketing investor herds in approximately 1978. The Internal Revenue Service allegedly began investigating Lovana Farms Inc. in 1981 and disallowed as abusive those tax shelters derived from the investments. In 1983, Virgil Lovell, owner and manager of defendant Lovana Farms, Inc., was arrested and charged with paying a bribe to an I.R.S. agent for the purpose of influencing the I.R.S. investigation of Lovana Farms, Inc. investments. He has allegedly admitted this charge.

Plaintiff alleges that defendant FSC Securities was the underwriter who marketed Lovana Farms herd programs from 1978 to 1982. Plaintiff also alleges that FSC Securities created an "investor committee" which, in 1984, recommended to investors that they resell their herds to Lovana Farms, Inc. and release Lovana Farms from its obligations in exchange for cancellation of their indebtedness to Lovana

Farms in the form of the promissory notes. Currently before the court is plaintiffs' motions to compel several items of discovery from the various defendants.

## DISCUSSION

As a preliminary matter, the court notes the unnecessary delay caused by the parties in this case. Before the current discovery dispute was submitted to the court, the discovery deadline had been extended three times. Moreover, the parties have required several extensions to respond to discovery requests and substantive motions.

As regards the current motions to compel, many of plaintiffs' objections raised here were known to plaintiffs months before their motions were filed. The court recognizes that the Federal Rules of Civil Procedure as well as the Local Rules of this Court are designed to encourage solutions to discovery disputes by cooperation of the parties. The Local Rules require only that a party move to compel just prior to the expiration of discovery. Local Rule 225–4(d). However, it appears that plaintiffs were aware that the discovery disputes which form the basis of the current motions had reached the point of irreconcilability far in advance of the discovery deadline. Plaintiffs nevertheless waited until the end of the expiration of discovery to bring the matter to this court's attention. The court also notes that in some of the instances of which plaintiffs complain, plaintiffs failed to fulfill its obligations under Local Rule 225–4(a) to confer with the appropriate opposing counsel in order to facilitate resolution of the disputed discovery issues. The court believes all parties should take note for future matters in this case, that the court will closely scrutinize each party's actions for improper delay and other impropriety and will not hesitate to swiftly sanction any such misbehavior.

### A. Plaintiffs' Motion to Compel Discovery Against FSC Securities Corp.

Plaintiffs move to compel an answer to a question posed at the deposition of Thomas Hutchins, the Rule 30(b)(6) representative of defendant FSC Securities. Plaintiffs' counsel examined Hutchins on the subject of the 1984 mutual release agreement negotiated by the "investor committee." Plaintiffs allege that the release expressly names "the underwriters and their registered representatives" as released parties. Hutchins testified that Lovana Farms, Inc. had produced a proposed or draft release. Plaintiffs' counsel sought to elicit what changes were made in the release language as between the Lovana draft and the final release.

Hutchins responded that some changes were made but that counsel had instructed him that any conversations Hutchins had with attorneys resulting in changes to the release were privileged communication. Hutchins admitted that there were no changes made to the pertinent paragraph other than those suggested by counsel.

Subsequently, plaintiffs tried to establish whether the draft document included "underwriters and their registered representatives" in the list of people released by the paragraph. Defendant FSC entered an objection on the ground that such inquiry violates the attorney-client privilege because the answer could lead to disclosure of conversations between attorney and client concerning the changes.

Plaintiffs argue that "the differences between an undiscovered (perhaps now nonexistent) document delivered to FSC Securities Corp. by Lovana Farms, Inc. and a document presented to plaintiffs [in this case], may ... reveal what FSC Securities Corp's attorneys had recommended to that company. But that Lovana Farms, Inc. document was not privileged and neither was the final version of it." Defendant FSC admits as much. Defendant FSC's Response at 4. However, to the extent plaintiffs' question to Hutchins can be construed as inquiring as to advice of counsel in preparation of the release, such communication is privileged absent an applicable exception to the attorney-client privilege. *United States v. Hankins,* 631 F.2d 360, 365 (5th Cir.1980).

Plaintiffs seem in their motion to contend that the "crime/fraud" exception to the attorney-client privilege applies. However, plaintiffs have failed at hearing and in their pleadings filed in support of the motions to compel to show the court facts sufficient to satisfy the threshold *prima facie* case of fraud necessary for application of the exception. *In re International Systems and Controls Corp. Securities Litigation*, 693 F.2d 1235, 1242 (5th Cir. 1982) *citing In re Grand Jury Proceedings in Matter of Fine*, 641 F.2d 199, 203 (5th Cir.1981) (pleadings alone are not evidence to create a *prima facie* case); *see generally Clark v. United States*, 289 U.S. 1, 15, 53 S.Ct. 465, 469, 77 L.Ed. 993 (1933). For these reasons, the court DENIES plaintiffs' motion to compel against defendant FSC.

B. *Plaintiffs' Motion to Compel Discovery Against Defendant Overcash, Alsup & Co.*

During the time period relevant to this case, defendant Overcash, Alsup & Co. allegedly provided accounting services to defendants Lovana Farms, Inc. and Lovell Cattle Company.

■ In support of this motion, plaintiffs contend they should be entitled to discovery documents concerning Overcash, Alsup's activities with the other defendants pertaining to programs which *preceded* those involving plaintiffs. However, plaintiff's own document request states:

*Time Period*

All documents requested are for the period from January 1, 1981 to the present, unless otherwise specifically indicated.

No other date was "specifically indicated" by plaintiffs. Because the documents plaintiffs now move to compel were not requested, they cannot now be the subject of a motion to compel. Accordingly, to the extent plaintiffs' motion seeks documents prepared prior to January 1, 1981, the court DENIES plaintiffs' motion.

Plaintiffs also seek to override defendant's objection that Overcash, Alsup may rely on the accountant-client privilege to refuse to provide discovery information. As a threshold requirement, plaintiff must comply with Local Rule 225–4 which states:

(a) *Duty to Confer.* Counsel shall have the duty to make a good faith effort to resolve by agreement among themselves any disputes which arise in the course of discovery.

(b) *Form of motion.* When despite their good faith effort, counsel are unable to resolve discovery issues without intervention of the court, counsel may file a motion to compel discovery in accordance with Rules 33, 34, 36, and 37 of the Federal Rules of Civil Procedure. The moving party shall attach to his motion a statement certifying that he and opposing counsel conferred in an attempt to resolve the controversy by agreement but that they were unable to do so.

If after such a conference, disputed items remain, a motion to compel may be filed, accompanied by a certificate stating that counsel conferred but were unable to resolve the discovery issues by agreement. *Madden v. Cleland*, 105 F.R.D. 520, 526 (N.D.Ga.1985); Local Rule 225–4.

■ Plaintiffs have certified that their counsel conferred with counsel for Overcash, Alsup in attempting to resolve this disagreement. However, it is undisputed that plaintiffs made no effort to confer with counsel for the holders of the claimed privilege. Under Georgia statutory law relevant to the state law claims, communications between a certified public accountant and its client are privileged. Ga. Off'l Code Ann. § 43–3–32(b). The accountant has no right to waive that privilege and must obtain written consent from its client to testify regarding privileged matters. *Id.* The court feels plaintiffs' duty to confer with counsel extended to counsel for the holders of the privilege, Lovana Farms, Inc., Lovell Cattle Company, Financial Services Corporation and FSC Securities. In failing to discharge this duty to confer, plaintiffs have not complied with Rule 225–4(a), and their motions should also be de-

nied on this alternative ground. *Madden v. Cleland, supra* at 526.

Lastly, plaintiffs move to compel defendant's response to Interrogatory number 14 which states:

> Please state whether, at the time that you prepared financial projections concerning the investments there were in your possession any documents indicating, or you had any knowledge of the prices paid for the cattle by Lovell Cattle Company and/or Lovana Farms, Inc.

Defendant responded to this interrogatory first by objecting that "the term 'cattle' has not been defined and, therefore, is vague, ambiguous and overly broad ..." Secondly, counsel for defendant in correspondence to plaintiffs' counsel stated that Overcash, Alsup did not have in its possession documents responsive to the interrogatory *"at the time [it] prepared the projections"* for the relevant investment program. Thirdly, Marlon Alsup, representative of Overcash, Alsup, responded several times to similar questions at his deposition. Nevertheless, if such information or documents providing this information are now in the possession of defendant, defendant would have an obligation to supplement its response accordingly. Fed.R.Civ.P. 26(e).

However, here the accountants have invoked the accountant-client privilege and as the court has previously found, plaintiff has failed to discharge his duty under Local Rule 225–4(a). Accordingly, the court DENIES plaintiffs motion to compel discovery against defendant Overcash, Alsup on all information sought to be compelled by this motion.

C. *Plaintiffs' Motion to Compel Discovery Against Defendant Andrews Davis*

During the time period relevant to this case, defendant Andrews Davis allegedly provided legal services in connection with approximately eighty separate business transactions involving Lovana Farms, Inc. Andrews Davis also represented Lovana Farms, Inc. and Lovell Cattle Company in the defense of their I.R.S. audits.

Plaintiffs move to compel discovery on several grounds. The court will make some general conclusions regarding plaintiffs' arguments and then address each ground specifically. First, defendant has raised the attorney-client privilege in opposition to several document requests and interrogatories. Plaintiffs apparently conferred with counsel for Andrews Davis about this discovery dispute, but never conferred with the actual holders of the privilege. Thus, as the court held *supra*, plaintiffs have failed to adequately discharge their duty to confer under Local Rule 225–4(a) and thus may not compel discovery where defendant has raised attorney-client privilege as an objection. Additionally, plaintiffs have failed to make out a *prima facie* case of fraud involving Andrews Davis, and therefore, the crime/fraud exception to the privilege is inapplicable here. *See In re International Systems and Controls Corp. Securities Litigation, supra.*

Secondly, defendant has objected to plaintiffs' Interrogatories 3, 4 and 14 and plaintiffs' Request For Documents 3 and 4 as not reasonably limited in subject matter, not reasonably calculated to lead to the discovery of admissible evidence and as unduly burdensome. The court agrees. In each instance, plaintiffs utilize the "scattershot" approach of discovery requesting identification of *any* communications from defendants Overcash, Alsup and FSC Securities. *See* Interrogatory 3 and 4, Request for Documents 3 and 4. The same is true in Interrogatory 14 which requires defendant Andrews Davis to speculate as to which documents other defendants may have furnished to plaintiffs. Moreover, plaintiff in his motion seeks to expand the purview of the request for documents beyond the January 1981 time period originally specified as a cutoff. Such discovery practice is not permissible. Compounding the court's frustration with plaintiffs is the fact that plaintiffs have had ample opportunity to revise and focus these requests due to the numerous extensions of discovery. However, plaintiffs instead chose to "sit on their hands" until the discovery deadline

and come to the court for assistance. The court holds under Rule 26(b)(1) that plaintiffs have had ample opportunity to obtain the desired information, and that compelling production of this mass of documents without adequate foundation for their necessity is unwarranted.

The court, accordingly, DENIES plaintiffs' motion to compel discovery against defendant Andrews Davis on all interrogatories and requests.

D. *Plaintiffs' Motion to Compel Discovery Against Defendant Shannonhouse*

On the record, at hearing before this court on March 13, 1987, the parties stipulated that a dispute as to this matter no longer exists. Therefore, no action by the court is necessary on plaintiffs' motion.

**CONCLUSION**

In sum, the court DENIES plaintiffs' motion to compel in all respects.