**Robert D. KEAL, Plaintiff,**

v.

**MONARCH LIFE INSURANCE COMPANY, Defendant.**

**Civ.A. No. 89–4108–S.**

United States District Court,
D. Kansas.

June 28, 1989.

Leigh C. Hudson, Hudson, Mullies & Reynolds, Fort Scott, Kan., for plaintiff.

Charles R. Hay, Michael T. O'Hara, Goodell, Stratton, Edmonds & Palmer, Topeka, Kan., for defendant.

### MEMORANDUM AND ORDER

SAFFELS, District Judge.

This matter is before the court on defendant's motion to vacate plaintiff's notice of dismissal. In the event that the court grants defendant's motion, plaintiff has alternatively filed a motion for voluntary dismissal pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure.

This case presents a unique and unusual situation, a situation normally reserved for the realm of hypothetical questions concocted by civil procedure professors. This interesting situation results from a set of simple, undisputed facts. The case was originally filed in state court. On May 16, 1989, defendant filed a notice for removal to this court. On May 22, 1989, at 2:21 p.m., plaintiff filed a notice of dismissal, pursuant to 41(a)(1)(i). Later that same afternoon, at 3:40 p.m., defendant filed its answer to plaintiff's complaint. It is undisputed that defendant obtained service of the answer on that same date, by depositing a copy of the answer in the U.S. Mail, addressed to plaintiff's attorney. The problem for the court is that defendant gives no indication at what precise time, whether before or after 2:21 p.m., the copy of the answer was mailed to plaintiff's attorney.

Rule 41(a)(1)(i) of the Federal Rules of Civil Procedure states:

> An action may be dismissed [without prejudice] by the plaintiff without order of the court (i) by *filing* a notice of dismissal at any time *before service* by the adverse party of an answer.... (Emphasis added.)

Rule 5(b) provides that service may be made by delivery of a copy of the pleading to a party's attorney by mail. Rule 5(b) further states "service by mail is complete upon mailing". "Service of the answer or of the motion to dismiss is complete upon mailing to the opposing attorney's office. The date of receipt is irrelevant to the computation, and filing with the clerk's office may be completed within a reasonable time thereafter under Federal Rule of Civil Procedure 5(d)...." *Madden v. Cleland,* 105 F.R.D. 520, 525 (N.D.Ga.1985) (citations omitted). *See also* 4A C. Wright & A. Miller, *Federal Practice and Procedure Civil* § 1148 at 432–33 (2d ed. 1987). ("A paper is mailed when it has been placed in an envelope addressed to the last known address of the opposing attorney—or party when service on a party is proper—and deposited in a United States post office or post office box.") To be effective under Rule 41(a)(1)(i), plaintiff's voluntary notice of dismissal must be filed with the court prior to defendant's service of the answer.

The issue before the court is whether plaintiff's filing of the notice of dismissal at 2:21 p.m. occurred before defendant's service of an answer on that same date. Defendant presents no evidence that service of the answer, its placement in a mailbox, occurred prior to 2:21 p.m. on May 22, 1989. Instead, defendant contends that since service was made sometime on that date, plaintiff's notice of dismissal could only have been effective if filed on the previous day, May 21, 1989. However, the clear language of Rule 41(a)(1)(i) states

that a notice of dismissal is effective "at any time" before an answer is placed in the U.S. Mails. Therefore, the fact that defendant may have obtained service of the answer sometime on May 22nd does not nullify plaintiff's notice of dismissal, unless the service was obtained before 2:21 p.m. All defendant would need to do to prove service before the filing of the notice of dismissal, would be to present proof of the service in the form of a certificate of counsel or an affidavit stating that the mailing of the answer occurred prior to plaintiff's filing of the notice of dismissal. *See* 4A C. Wright & A. Miller, *Federal Practice and Procedure Civil* § 1150 (2d ed. 1987). Since defendant has failed to represent any evidence that the actual service of the answer occurred at any time before the 2:21 p.m. filing of the notice of dismissal, the court will not vacate plaintiff's notice of dismissal.

Even if the court granted defendant's motion to vacate the notice of dismissal, the court would have granted plaintiff's motion for voluntary dismissal without prejudice by order of the court under Rule 41(a)(2). Plaintiff alternatively seeks dismissal under this rule so that he can file this action in state court. Since the recent change in the diversity jurisdiction requirement which increased the requisite amount in controversy to $50,000.00, plaintiff's second state court action would not be removable to federal court. Defendant opposes the motion for dismissal because plaintiff is using this method of dismissal to engage in forum shopping.

The main factor to be considered by the court in determining whether to grant plaintiff's motion is whether defendant would be legally prejudiced if the motion was granted. *See* 4A C. Wright & A. Miller, *Federal Practice and Procedure Civil,* § 2364 at 165. ("The courts have generally followed the traditional principle that dismissal should be allowed unless the defendant will suffer some plain legal prejudice other than the mere prospect of a second lawsuit. It is not a bar to dismissal that plaintiff may obtain some tactical advantage thereby.") Given the early stage of this case in which plaintiff has made the motion for voluntary dismissal, and the fact that very little progress has been made in the litigation of this case, the court finds that a defendant would suffer no prejudice, other than the prospect of a second lawsuit, in state court, if voluntary dismissal is granted. *See Tyco Laboratories, Inc. v. Koppers Co., Inc.,* 627 F.2d 54, 56 (7th Cir.1980). Therefore, even if the court had not denied defendant's motion to vacate plaintiff's notice of dismissal, the court would have granted plaintiff's motion for voluntary dismissal pursuant to Rule 41(a)(2).

IT IS BY THE COURT THEREFORE ORDERED that this case is dismissed without prejudice.