Andre L. JENKINS, Plaintiff,

v.

UNIFIED SCHOOL DISTRICT
NO. 501, Shawnee County,
Kansas, Defendant.

No. CIV. A. 95–4106–DES.

United States District Court,
D. Kansas.

Sept. 5, 1997.

Andre Jenkins, Topeka, KS, Pro Se.

S. Eric Steinle, Frieden, Haynes & Forbes, Topeka, KS, for Defendant.

## MEMORANDUM AND ORDER

SAFFELS, District Judge.

This matter is before the court on pro se plaintiff's "Petitions to Temporarily Dismiss Case" (Docs. 77 and 78). The court shall construe plaintiff's petitions as motions for voluntary dismissal without prejudice pursuant to Fed.R.Civ.P. 41(a)(2).

Plaintiff's lawsuit arises out of his termination from employment with Unified School District No. 501 ("US 501" or "the School District") in May 1991. He claims that the School District based his discharge on his race or in retaliation for previously filing a charge of discrimination and that such discharge was in violation of his employment contract. Mr. Jenkins also claims that defendant falsely accused him of certain misconduct while employed.

Fed.R.Civ.P. 41 provides that an action may be dismissed by the plaintiff up to the time of filing of an answer or a motion for summary judgment. Fed.R.Civ.P. 41(a)(1). Since the defendant in this case has filed its answer, Mr. Jenkins must look to Fed. R.Civ.P. 41(a)(2) for dismissal. A dismissal without prejudice under Fed.R.Civ.P. 41(a)(2)

rests on the district court's sound discretion and the movant's acceptance of any proper terms and conditions set by the district court. *American Nat. Bank and Trust Co. v. Bic Corp.*, 931 F.2d 1411, 1412 (10th Cir. 1991). "Conditions are designed to alleviate any prejudice a defendant might otherwise suffer upon refiling of an action." (*Id.* at 1412. 1991).

The district court should exercise its discretion in light of the central purpose of Fed.R.Civ.P. 41(a)(2), which is to prevent voluntary dismissals which unfairly affect the opposing party and, where appropriate, to impose curative conditions. *Clark v. Tansy*, 13 F.3d 1407, 1411 (10th Cir.1993). "When considering a motion to dismiss without prejudice, 'the important aspect is whether the opposing party will suffer prejudice in the light of the valid interests of the parties.'" *Clark*, 13 F.3d at 1411 (quoting *Barber v. General Electric Co.* 648 F.2d 1272, 1275 (10th Cir.1981)).

Courts ordinarily allow dismissal without prejudice except where the defendant would "suffer some plain legal prejudice other than the mere prospect of a second lawsuit." *Keal v. Monarch Life Ins. Co.*, 126 F.R.D. 567, 569 (D.Kan.1989) (quoting 9 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2364 at 165). "Neither the mere prospect of a second lawsuit nor a tactical advantage to the plaintiff amount to legal prejudice." *Wimber v. Department of Social and Rehabilitation Services*, 156 F.R.D. 259, 261 (D.Kan.1994). The court should consider the following factors in assessing legal prejudice: The defendant's effort and funds expended towards preparing for trial; the plaintiff's undue delay or lack of diligence in prosecuting the action; the adequacy of the plaintiff's explanation for needing to dismiss; the plaintiff's diligence in moving to dismiss; the present stage of litigation; and duplicative expenses involved in a likely second suit. *Nunez v. IBP, Inc.*, 163 F.R.D. 356, 359 (D.Kan.1995). "To avoid a voluntary dismissal, the defendant must establish that the dismissal would work harm 'manifestly prejudicial to the defendant.'" *Saviour v. Revco Discount Drug Centers, Inc.*, 126 F.R.D. 569, 570 (D.Kan.1989) (quot-

ing *Belzona Molecular Metalife, Inc. v. Midwest Molecular, Inc.*, No. 86–2564, 1987 U.S. Dist. LEXIS 2561 at *2 (D.Kan. unpub. op. Mar. 13, 1987)).

Plaintiff moves to dismiss this action without prejudice in order to seek legal counsel to assist with the prosecution of this action. Plaintiff asserts that he does not have the ability to proceed any further with this case without legal assistance. He also seeks dismissal because of time constraints imposed on him by this and other lawsuits and administrative claims.

Defendant argues the court should deny plaintiff's motion for several reasons. First, defendant contends that it has committed significant effort and expense in defending this action. Since plaintiff filed this action, defendant has been required to file several motions to dismiss and several memoranda in opposition to plaintiff's motions to amend. Defendant's counsel has also attended two Fed.R.Civ.P. 26(f) conferences and three scheduling conferences in this case.

Defendant also contends that plaintiff's failure to diligently prosecute his action has caused undue and excessive delay. Since filing this action, plaintiff has prompted the court to issue three orders to show cause why he has failed to comply with various rules of procedure and orders of the court. Plaintiff has also failed to timely respond to discovery requests and failed to appear for his properly noticed and scheduled deposition on May 6, 1997. As a result of plaintiff's dilatory conduct, defendant argues that it has been forced to file four motions for sanctions in this case.

Defendant further contends that plaintiff's motion for dismissal comes too late in the proceedings. The discovery cutoff in this case was set for July 31, 1997. Final lists of witnesses and exhibits were due to be filed on or before July 15, 1997. At this stage of the litigation, defendant points out, the only thing that is left to do is to complete plaintiff's deposition and file a motion for summary judgment.

Finally, defendant contends that plaintiff's justification for seeking dismissal is "insufficient and incredible." According to defen-

**584**

dant, a review of the documents filed by plaintiff in this action indicates that plaintiff is fully capable of cogently presenting his position and pursuing the relief he demands. Defendant notes that plaintiff has even prepared his own written discovery. Moreover, defendant adds, plaintiff's explanation that he is busy is without merit in light of the fact that plaintiff has had over two years to gather evidence to prosecute his case.

Consideration of the relevant factors appear to weigh in the defendant's favor. Nevertheless, appropriate terms and conditions are available which would alleviate any prejudice the defendant might otherwise suffer upon plaintiff's refiling of his action. Accordingly, the court grants the plaintiff's request to dismiss without prejudice subject to the following terms and conditions: 1) Upon refiling this action against USD 501 or any of its officials, agents, or employees, plaintiff shall be required to pay to defendant $1,145.00 (the sum of defendant's requested monetary sanctions); 2) Failure to pay the amount set forth by the court within twenty days following the refiling of this action shall convert this dismissal without prejudice into a dismissal with prejudice; and 3) plaintiff shall consent to the use, in any refiled action, of any material resulting from any discovery already conducted in this case.

**IT IS THEREFORE BY THE COURT ORDERED** that plaintiff's "Petitions to Temporarily Dismiss Case" (Docs. 77 and 78) are granted subject to the following terms and conditions: 1) upon refiling this action against USD 501 or any of its officials, agents, or employees, plaintiff shall be required to pay to defendant $1,145.00 (the sum of defendant's requested monetary sanctions); 2) failure to pay the amount set forth by the court within twenty days following the refiling of this action shall convert this dismissal without prejudice into a dismissal with prejudice; and 3) plaintiff shall consent to the use, in any refiled action, of any material resulting from any discovery already conducted in this case.