Lorray McCOY, Plaintiff,

v.

WHIRLPOOL CORPORATION, et al., Defendants.

James B. McCoy, Administrator of the Estate of Emily M. McCoy, Deceased, Plaintiff,

v.

Whirlpool Corporation, et al., Defendants.

James B. McCoy and Lorray McCoy, Heirs at Law of Emily M. McCoy, Deceased, Plaintiffs,

v.

Whirlpool Corporation, et al., Defendants.

Nos. 00–2458–JWL, 00–2459–JWL, 00–2461–JWL.

United States District Court, D. Kansas.

Nov. 16, 2001.

Lynn R. Johnson, Stephen R. Bough, Shamberg, Johnson & Bergman, Chtd., Kansas City, MO, for Lorray McCoy.

Bruce Keplinger, Norris, Keplinger & Herman, L.L.C., Overland Park, KS, Julie A. Bush, Morrow, Willnauer & Klosterman, L.L.C., Kansas City, MO, for Larry Gobin.

James S. Owens, Jr., Mary A. Palma, Nall & Miller, L.L.P., Atlanta, GA, Debra J. Arnett, Paola, KS, for Whirlpool Corporation and Sears, Roebuck & Co.

## MEMORANDUM & ORDER

LUNGSTRUM, District Judge.

This case involves product liability claims brought by the plaintiffs against defendants Whirlpool Corporation ("Whirlpool"), Sears, Roebuck and Co. ("Sears") and Larry Gobin. The plaintiffs' claims are based on a variety of theories, including negligence, strict liability, breach of warranties and violation of the Kansas Consumer Protection Act. The plaintiffs allege that a defective dishwasher caused a fire that resulted in the death of their daughter. The matter is currently before the court on the plaintiffs' motion to dismiss their claims without prejudice (Doc. 27). The defendants oppose the motion. The plaintiffs' motion is granted subject to several conditions the court believes will alleviate any potential legal prejudice the defendants may suffer.

### I. Procedural Background

The plaintiffs filed suit in the District Court of Miami County, Kansas, on September 27, 2000. The defendants removed the case to federal court on October 11, 2000. Defendant Gobin filed his answer on October 12, 2000, and defendants Whirlpool and Sears filed their answers on November 2, 2000. Disclosures required by Rule 26(a)(2), including reports from retained experts, were due from the plaintiffs by July 6, 2001, and from the defendants by August 3, 2001. Any motions for leave to join additional parties or to otherwise amend the pleadings were to be filed by March 1, 2001. Factual discovery is complete but only one expert witness's deposition has been taken. The parties have not had a pre-trial conference and none of the defendants have filed a motion for summary judgment.

### II. Discussion

The plaintiffs move to dismiss this action without prejudice in light of receiving defendant Whirlpool's expert's report which concluded that the McCoy fire originated in the basement and not in the kitchen from an allegedly defective dishwasher. The plaintiffs provide two explanations for why they seek to dismiss this suit: first, to determine whether an additional party needs to be added to this action; and second, to assess whether, with the presence of an additional party, this action should be refiled in state court. The defendants argue to grant the plaintiffs' motion would subject them to legal prejudice. More specifically, defendants allege that the plaintiffs were not diligent in their investigation relating to aluminum wiring as a potential source of the McCoy fire, that the plaintiffs failed to provide an adequate explanation for their need to dismiss this suit, that the defendants have invested considerable time and effort in defending this suit, that the plaintiffs motion was filed late in the proceedings and that the plaintiffs have carried on a media campaign against Whirlpool.

Federal Rule of Civil Procedure 41(a)(2) governs voluntary dismissals after the opposing party has filed an answer or motion for summary judgment. Once a defendant has filed an answer, as was the case here, a plaintiff may voluntarily dismiss an action only upon order of the court. Fed. R.Civ.P. 41(a)(2). Rule 41(a)(2) "is designed 'primarily to prevent voluntary dismissals which unfairly affect the other side, and to permit the imposition of curative conditions.' " *Clark v. Tansy,* 13 F.3d 1407, 1411 (10th Cir.1993) (citations omitted). Absent "legal prejudice" to the defendant, the district court normally should grant such a dismissal. *Ohlander v. Larson,* 114 F.3d 1531, 1537 (10th Cir.1997). The parameters of what constitutes "legal prejudice" are not

completely clear, but factors the Tenth Circuit has held the district court should consider include: "the opposing party's effort and expense in preparing for trial; excessive delay and lack of diligence on the part of the movant; insufficient explanation of the need for a dismissal; and the present stage of the litigation." *Id.* (citing *Phillips U.S.A., Inc. v. Allflex U.S.A., Inc.,* 77 F.3d 354, 358 (10th Cir.1996)). Each factor does not have to favor the moving party for dismissal to be appropriate, nor does each factor need to favor the opposing party for denial of the motion to be proper. *Id.* (citing *Phillips U.S.A., Inc.,* 77 F.3d at 358).

It is also important to note that the above list of factors is not exclusive, and the district court should also consider any other relevant factors. *Id.* (citing *Phillips U.S.A., Inc.,* 77 F.3d at 358). The court should "endeavor to insure substantial justice is accorded to both parties." *Id.* (citing 9 Charles Alan Wright and Arthur R. Miller, Federal Practice and Procedure § 2364 at 278 (2d ed.1994)). Therefore, the court should consider the equities facing not only the defendant but also the plaintiff. *Id.* (citing Wright and Miller, Federal Practice and Procedure § 2364 at 278). Finally, when considering a motion to dismiss, the important factors in determining legal prejudice are those involving the parties, not the court's time or effort spent on the case. *Id.* (citing *Clark v. Tansy,* 13 F.3d 1407, 1411 (10th Cir.1993)).

Applying the above factors and taking into account the court's ability to impose curative conditions on the parties, the court finds that the defendant will not suffer legal prejudice if this case is dismissed without prejudice. With regard to the first factor, the opposing party's effort and expense in preparing for trial, the court finds that any potential prejudice can be alleviated by permitting any discovery from this case to be used in a subsequent case. While it is true that the defendants have taken multiple depositions and produced thousands of documents, the plaintiffs have agreed that all of that discovery can be used in a subsequent action. In addition to requiring a plaintiff to permit a defendant to use discovery in a subsequent case, *see, e.g., Jenkins v. Unified*

*School District No. 501,* 175 F.R.D. 582, 584 (D.Kan.1997), typically a court imposes as a condition of dismissal without prejudice that the plaintiff pay the defendant's expenses incurred in defending the lawsuit, which usually include a reasonable attorney's fee. *United States v. Rockwell Int'l Corp.,* 265 F.3d 1157, 1179 (10th Cir.2001) (citing *Marlow v. Winston & Strawn,* 19 F.3d 300, 303 (7th Cir.1994)); *see also Cauley v. Wilson,* 754 F.2d 769, 771–72 (7th Cir.1985) (holding that "a district court may seek to reimburse the defendant for his attorneys' fees because he [or she] faces a risk that the plaintiff will refile the suit and impose duplicative expenses upon him."). Plaintiffs have indicated they will almost certainly refile this action; therefore, requiring the plaintiffs to pay that part of the defendants' expenses that are duplicative, including a reasonable attorney's fee, is a particularly appropriate condition in this case.

The second factor to be considered, excessive delay and lack of diligence on the part of the movant, also does not result in legal prejudice to the defendant. The defendants concede that, in general, the plaintiffs have been diligent in the prosecution of this case. Defendants' argument, instead, rests on the narrower assertion that plaintiffs should have investigated the McCoy fire scene and added other potential parties at an earlier date. The court agrees that the plaintiffs could have added another potential party earlier, but the court finds that the plaintiffs have not caused an excessive delay because they moved to dismiss this action within a reasonable time after receiving the defendants' expert's report.

While defendants Whirlpool and Sears point out that they sent a letter to the plaintiffs dated March 9, 2000 which indicated that their expert believed the fire started in the basement and not with the McCoy's dishwasher, this letter is not tantamount to an expert report. It was reasonable for the plaintiffs to receive this letter with a healthy dose of scepticism given that it was from the defendants, that it was received within a month after the fire, that the conclusions were made by a hired expert who regularly handles fire investigations for litigation and

because at that time the Kansas Fire Marshal Report stated that he suspected the McCoy's dishwasher caused the fire. Until the defendants actually committed themselves to their position by providing an expert report for Rule 26 purposes, it was not inappropriate for the plaintiffs to forebear from pursuing the possibility of adding an additional party. Putting the onus on the plaintiffs to have conducted the investigation suggested by the defendants merely by means of an early, pre-litigation denial letter would have been unduly burdensome where the plaintiffs possessed neutral expert evidence implicating the defendants. Once the defendants backed up their assertion about causation by providing the report, it was then incumbent on the plaintiffs to follow up, which they did in a timely fashion here.

The third factor, whether the plaintiffs have an insufficient explanation for the need for a dismissal, requires the court to assess the plaintiffs' two explanations for seeking to dismiss this case without prejudice. First, the plaintiffs allege that they need to explore the possibility of adding a defendant in light of the defendants' expert's report that the fire was not caused by the Whirlpool dishwasher. Taking the plaintiffs' assertion at face value, the court finds that this is a sufficient justification for seeking dismissal without prejudice. If, through the course of discovery, the plaintiffs' confidence in their conclusion that the McCoy's Whirlpool dishwasher caused the fire was diminished, then they should have the ability to dismiss this lawsuit, add the appropriate culpable party or parties and refile the action. To decide otherwise would result in an injustice to the plaintiffs because they would not be permitted to add a party that is potentially liable.

The plaintiffs' second justification for seeking to dismiss the case is to assess whether, given the addition of another party, they should refile the case in a different court. Although it is not particularly significant because the court finds the plaintiffs' first explanation sufficient, the court would reject

this explanation to the extent it is purely a matter of forum shopping. This case does not present a unique situation where, for example, there is a complex issue of state law that should be decided by the courts of that state. Absent such a situation, the plaintiff should not be entitled to dismiss a cause of action for the sole purpose of adding a non-diverse party and trying to refile the case in state court.[1] On the other hand, to the extent a potentially culpable party to be added would destroy complete diversity, and thereby the plaintiffs could not pursue a remedy against it in federal court, such considerations would be appropriate.

The last factor, the present stage of the litigation, also favors the plaintiff. While several depositions have been taken and factual discovery is complete, all of the discovery may be used in a subsequent case. Significantly, this is not a situation where either the pretrial conference has been held and the case is on the verge of trial, or where the plaintiff is seeking to dismiss the case because the defendants have filed a summary judgment motion. *See, e.g., Phillips U.S.A., Inc.,* 77 F.3d at 358 (affirming the district court's denial of the plaintiff's motion to dismiss because a party should not be able to avoid an adverse ruling on a dispositive motion by dismissing the case). Moreover, the plaintiffs moved to dismiss shortly after the close of discovery, at a time when they could thoroughly assess the case with the facts fully developed.

Finally, defendants urge the court to consider the fact that the plaintiff has allegedly carried on a media campaign against Whirlpool. Defendants cite to *Zagano v. Fordham Univ.,* 900 F.2d 12 (2d Cir.1990), a Second Circuit decision where the court refused to dismiss a case under Rule 41(a)(2), in part, because the plaintiff carried on a media campaign for its cause. The circumstances in *Zagano,* however, are distinguishable because in *Zagano,* the media campaign was only one of numerous factors that favored

---

1. The court believes that the plaintiff mischaracterized the holding in *O'Reilly v. R.W. Harmon & Sons, Inc.,* 124 F.R.D. 639 (W.D.Mo.1989). There the court held only that if there is no other reason why the plaintiff should not be allowed to

dismiss its lawsuit, the mere fact that the plaintiff intended to add a non-diverse party and refile the case in state court should not prevent the court from dismissing the action without prejudice.

denying the plaintiff's motion to dismiss without prejudice. Moreover, here it is clear that the plaintiffs intend to refile the action in contrast with *Zagano* where the plaintiff was likely not going to continue with her case. While the court understands the defendants' point that plaintiffs' counsel had no problem finding time to talk to newspapers regarding the integrity of Whirlpool's management but did not take the time to investigate Whirlpool's alternative theory of causation and assess whether any other parties needed to be added, under the circumstances of this case, that does not amount to legal prejudice to the defendants.

Taken as a whole, the factors, as applied to this case, do not lead the court to the conclusion that the defendant will suffer legal prejudice if this case is dismissed without prejudice subject to a number of curative conditions. For example, in *Jenkins v. Unified School District No. 501,* 175 F.R.D. 582 (D.Kan.1997), the court held that although the factors favored denying the plaintiff's motion to dismiss, it would grant the motion because curative conditions would negate any prejudice to the defendant. *Id.* at 583. In *Jenkins,* the defendant had filed several motions to dismiss and several memoranda in opposition to plaintiff's motions to amend. *Id.* Defendant's counsel had appeared at two Rule 26 conferences, three scheduling conferences and the court had issued three show cause orders to the plaintiff requiring him to explain why the case should not be dismissed. *Id.* In fact, the court rejected the plaintiff's reason for dismissal and stated that the only thing left for the parties to do prior to trial was file a summary judgment motion. *Id.* at 583–84. Despite all of these factors favoring the defendant, the court granted the plaintiff's motion to dismiss because imposing conditions on the plaintiffs' dismissal could alleviate any prejudice to the defendant. *Id.* at 584. *Jenkins* presents a far more compelling set of circumstances for denial of the motion than does this case.

The court believes that similar to *Jenkins,* here curative conditions can protect the defendants from legal prejudice. Accordingly, the court grants the plaintiffs' motion to dismiss without prejudice subject to the following terms and conditions:

(1) The plaintiffs shall consent to the use, in any refiled action, of any material resulting from any discovery already conducted in this case.

(2) The defendants have until November 30, 2001 to make a detailed showing to this court of the expenses, including reasonable attorneys' fees, that they believe would be duplicative if a subsequent action is filed; the plaintiffs shall have until December 10, 2001 to respond to that showing; and the court will determine the amount as promptly as possible thereafter.

(3) Upon refiling this action against any of the three defendants, Whirlpool, Sears, or Mr. Gobin, plaintiff shall be required to pay to the defendants the expenses this court finds would be duplicative.

(4) Failure to pay the amount set forth by the court within twenty days after refiling this action will convert this dismissal into a dismissal with prejudice. The court will retain jurisdiction over this matter to entertain a motion by the defendants to so convert such a dismissal.

IT IS THEREFORE ORDERED BY THE COURT THAT the plaintiffs' motion to dismiss is granted subject to the following conditions: (1) The plaintiffs shall consent to the use, in any refiled action, of any material resulting from any discovery already conducted in this case. (2) The defendants have until November 30, 2001 to make a detailed showing to this court of the expenses, including reasonable attorneys' fees, that they believe would be duplicative if a subsequent action is filed; the plaintiffs shall have until December 10, 2001 to respond to that showing; and the court will determine the amount as promptly as possible thereafter. (3) Upon refiling this action against any of the three defendants, Whirlpool, Sears, or Mr. Gobin, plaintiff shall be required to pay to the defendants the expenses this court finds would be duplicative. (4) Failure to pay the amount set forth by the court within twenty days after refiling this action will convert this dismissal without prejudice into a dismissal with prejudice. The court will retain jurisdiction over this matter to entertain a motion

by the defendants to so convert such a dismissal.