Richard I. KRODEL, Appellant,

v.

John J. HOUGHTALING et al., Appellees.

No. 72-1094.

United States Court of Appeals,
Fourth Circuit.

Oct. 26, 1972.

Richard I. Krodel, pro se.

W. W. Koontz, Alexandria, Va., for appellees.

Before HAYNSWORTH, Chief Judge, SOBELOFF, Senior Circuit Judge, and FIELD, Circuit Judge.

PER CURIAM.

Plaintiff appellant sued the defendants for malicious interference with his contract rights, and on this appeal challenges four rulings of the district court: (1) denial of plaintiff's motion for a jury trial, (2) denial of his motion for a continuance, (3) dismissal of the action for lack of prosecution, and (4) denial of plaintiff's motion for a new trial.

■ Although the Federal Rules of Civil Procedure preserve the right of trial by jury, Fed.R.Civ.P. 38(a), a timely demand for a jury trial must be filed. Fed.R.Civ.P. 38(b), (d). Since the plaintiff failed to file such a demand, the district court properly denied the motion for a jury trial.

■ The granting of a continuance is a matter which lies within the sound discretion of the trial court, and the district court's ruling on such motion will not be disturbed absent a showing of abuse of discretion. Montgomery v. Commissioner of Internal Revenue, 367 F.2d 917 (9 Cir. 1966). The plaintiff sought a continuance to enable him to contact material witnesses, but the record reveals that he had neither interviewed nor subpoenaed any of these in-

dividuals. The record further indicates that plaintiff knew nothing of the testimony he expected to elicit from these witnesses, and under these circumstances it is manifestly clear that the district judge did not abuse his discretion in denying the motion for a continuance.

■ District courts have "sound judicial discretion" to dismiss an action for "plaintiff's failure to prosecute it with reasonable diligence * * *." Timmons v. United States, 194 F.2d 357 (4 Cir. 1952). The plaintiff had ample opportunity to develop evidence in support of his case, but he neither interviewed not subpoenaed witnesses whose whereabouts he knew. Furthermore, the plaintiff himself declined to testify. The district court's dismissal of the action finds strong support in the record and was well within the court's discretion.

■ The decision whether to grant or deny a new trial is also a discretionary matter with the trial court. Hopkins v. Coen, 431 F.2d 1055 (6 Cir. 1970); United States for Use and Benefit of Weyerhaeuser Co. v. Bucon Construction Company, 430 F.2d 420 (5 Cir. 1970). In his motion for a new trial the plaintiff asserted that he had discovered new evidence and that he had been prejudiced by reason of bias on the part of the trial judge. However, the plaintiff refused to disclose his newly discovered evidence to the court, implying that he feared such disclosure might result in intimidation of his material witnesses. This conduct on the part of the plaintiff made it impossible for the district court to appraise the alleged new evidence as a ground for granting a new trial. The plaintiff's contention that the trial court was biased finds no support whatever in the record. Accordingly, we find that the district court acted properly in denying the motion for a new trial.

Finding no error in the challenged rulings, the action of the district court is affirmed.

Affirmed.