888 F.2d 1386
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Elaine Yow GIRGIS, Petitioner-Appellant,
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.
 No. 88-3103.
 United States Court of Appeals, Fourth Circuit.
 Argued Jan. 11, 1989.
Decided Oct. 19, 1989.
 
 Appeal from the United States Tax Court. Judge Korner, Tax Court Judge. (Tax.Ct.No. 8681-85).
 Mathew E. Bates on brief for appellant.
 Gilbert Steven Rothenberg (William R. Rose, Gary R. Allen and Deborah Swann, Tax Division, Department of Justice on brief) for appellee.
 Before WIDENER and WILKINS, Circuit Judges, and RICHARD B. KELLAM, Senior United States District Judge for the Eastern District of Virginia, sitting by designation.
 PER CURIAM:
 
 
 1
 In this appeal, taxpayer complains of the action of the United States Tax Court in denying her (1) a theft loss deduction of $365,226.00 and a partnership loss and investment tax credit, allocable to her for the taxable year 1980; (2) a net operating loss deduction of $308,750.00 and $272,959.00 for taxable years 1981 and 1982, respectively; and (3) in allowing additions to tax pursuant to section 6651(a)(1) as assessed by the Commissioner of Internal Revenue for failure to timely file returns for taxable years 1980 and 1981. Taxpayer also complains of the refusal of the Tax Court to hear evidence on her application or motion for a continuance of the trial of her case which commenced February 4, 1987.
 
 
 2
 Taxpayer is an accountant who has operated an accounting and tax preparation business in North Carolina for many years. Following her marriage in 1979 to Adly Girgis, who is also an accountant, the two entered into a partnership agreement for the purpose of engaging in public accounting. The partnership agreement provided that each had contributed an equal amount of capital, and all further contributions should be made on the same basis. The partners were to be in equal control of the business, each was to give their full time, were to receive salaries as agreed upon, and profits were to be divided equally in proportion to the contributions to capital. Following a separation between the parties, they terminated the partnership on December 26, 1980.
 
 
 3
 On March 28, 1980, the home of the parties was burglarized. They filed an insurance claim in which they stated the cash value of the items lost was $457,585.00. The maximum reimbursement authorized under their insurance policy was $45,000.00. A check was issued by the insurance company for $40,000.00, payable jointly to the parties. Taxpayer endorsed the check and husband obtained and retained the proceeds.
 
 
 4
 Taxpayer timely secured an extension of time until June 15, 1981 within which to file her 1980 tax return. In the return filed January 11, 1982, she claimed a deduction of $365,226.00 as a result of the aforesaid burglary. No part of the funds from the insurance proceeds was used to reduce the amount of the claimed loss. She also claimed $11,382.14 as her part of the claimed net loss from operations of the partnership. She obtained an extension to June 15, 1982 to file her 1981 return. It was filed July 6, 1982. In this return, she claimed a net operating loss (NOL) carryover deduction of $308,750.00 as a result of the theft loss. She obtained an extension until August 15, 1983 within which to file her 1982 return, which she filed August 19, 1983. In this return, she claimed $272,958.00 as a NOL carryover from the 1980 theft.
 
 
 5
 The Commissioner mailed taxpayer statutory notices of deficiency for the taxable years 1980, 1981 and 1982. In addition to disallowing the theft loss, he determined the partnership was not entitled to deduct $34,214.00 in cash misappropriated from the partnership by taxpayer's husband and determined that taxpayer's allocable share of partnership items was 50 percent rather than 100 percent as she was claiming. He also found that taxpayer was not entitled to the NOL carryforward of $308,750.00 and $272,959.00 for 1981 and 1982 respectively. In addition to challenging those disallowances, taxpayer also challenges the Commissioner's determination of additions to tax for the taxable years 1980 and 1981 for failure to timely file her returns.
 
 
 6
 Taxpayer timely sought a redetermination of the deficiency by the United States Tax Court. Following a hearing, the Tax Court found that taxpayer was entitled to a deduction of $40,980.95 for items stolen, less a credit of $31,667.00 reimbursed by the insurance proceeds and the $100.00 floor on loss theft deductions fixed by the Internal Revenue Act, Section 165(c)(3), or $9,213.05. It also found that the partnership was entitled to deduct the $34,213.75 misappropriated by taxpayer's spouse which resulted in a partnership loss of $11,382.14, but the Tax Court, rather than allocating 100 percent of this loss to taxpayer, allowed her 50 percent of it. With such adjustments, there was no NOL carryover for 1981 and 1982. The Tax Court approved the assessment of section 6651(a)(1) additions to tax for failure to timely file returns for the taxable year 1980 and 1981, but not a negligence penalty provided for under section 6653(a).
 
 
 7
 The finding by the Tax Court that the partnership loss applicable to taxpayer was 50 percent rather than 100 percent as she claimed, was grounded in the provisions of the written partnership agreement which set out that each had contributed an equal amount of capital and that future contributions were to be made on the same basis, and that profits were to be divided equally in proportion of the contributions to capital. Though taxpayer asserted she contributed the capital, the Tax Court determined such contention did not overcome the provisions of the written agreement. This finding is not clearly erroneous.
 
 
 8
 Deductions from income, including theft loss, are matters of legislative grace, and "a taxpayer seeking a deduction must be able to point to an applicable statute and show that he comes within its terms." New Colonial Ice Company v. Helvering, 292 U.S. 435, 440, 54 S.Ct. 788, 790 (1934). See also Deputy v. DuPont, 308 U.S. 488, 493, 60 S.Ct. 363, 366 (1940).
 
 
 9
 The Commissioner made the assessments against the taxpayer. His "ruling has the support of a presumption of correctness, and the petitioner has the burden of proving it to be wrong." (Citations omitted.) Welch v. Helvering, 290 U.S. 111, 115, 54 S.Ct. 8, 9 (1933). See also United States v. Janis, 428 U.S. 433, 440, 96 S.Ct. 3021, 3025 (1976); Foster v. C.I.R., 391 F.2d 727, 735 (4th Cir.1968). That is, a taxpayer has "the burden of showing that he does [did] not owe the taxes which the Commissioner proposed to assess against him ..." C.I.R. v. Hansen, 360 U.S. 446, 468, 79 S.Ct. 1270, 1282 (1959). See also United States v. Janis, supra, 428 U.S. at 440, 96 S.Ct. at 3025.
 
 
 10
 The evidence before the Tax Court concerning the items and value of the burglary loss was conflicting and in many instances uncorroborated. Taxpayer claimed loss of substantial jewelry items as well as items of a value of some $123,150.00 as a gift from her husband. However, husband asserted that he retained ownership of this jewelry. The Tax Court held that taxpayer established her basis in items given her of $33,633.00, but held that as to other items claimed as gifts, she failed to establish her claim. She was allowed $5,447.95 for items purchased as established by her cancelled checks, plus a diamond watch valued at $1,900.00. The Tax Court found that as to the claim for other gifts and items, including silverware, the claim was not supported.
 
 
 11
 In dealing with the proceeds of the $40,000.00 from insurance, the Tax Court found that taxpayer voluntarily endorsed the check and permitted her spouse to obtain the proceeds, and she must credit a portion of those proceeds against her loss. The Court determined taxpayer should credit $31,667.00 of the $40,000.00 insurance proceeds against her claim. It reached this figure by taking the ratio of $95,330.00 claimed by husband as his separate property lost in the theft, to the total claimed loss of $457,585.00, 95,330/457,585, or $31,667.00 which was to be credited against taxpayer's loss. The fallacy with this calculation is that the Court disallowed all of taxpayer's claim to the $457,585 except $40,980.95. Hence, the calculation should therefore be the ratio of 40,980/95,330 of the insurance proceeds to be credited to taxpayer's loss, or $12,025.20.
 
 
 12
 Lastly, taxpayer complained of the refusal of the Tax Court to hear evidence on a motion for a continuance grounded in the assertion that the Commissioner's agents had misled the taxpayer in believing the case would be settled until less than thirty days before the date scheduled for trial. However, no abuse of discretion is shown. It is clear that the granting or denial of a continuance is a matter which lies within the sound discretion of the Court and it will not be disturbed absent a showing of abuse of that discretion. Krodel v. Houghtaling, 468 F.2d 887 (4th Cir.1972); Montgomery v. Commissioner of Internal Revenue, 367 F.2d 917 (9th Cir.1966). Courts "must be accorded wide discretion in deciding whether to grant continuances ..." Sampley v. Attorney General of North Carolina, 786 F.2d 610, 613 (4th Cir.1986). See also Morris v. Slappy, 461 U.S. 1, 11-12, 103 S.Ct. 1610, 1616 (1983).
 
 
 13
 We hold that the allocation of the proceeds from insurance, the findings of the Tax Court are supported by substantial evidence and affirmed. The parties agree that this Court should not reverse the Tax Court even if it would have weighed the evidence differently, and where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous. Anderson v. City of Bessemen, 470 U.S. 564, 575, 105 S.Ct. 1504, 1511 (1985).
 
 
 14
 The decision of the Tax Court is affirmed except as to the application of the insurance proceeds to taxpayer's loss. This action is therefore remanded to the Tax Court for redetermination of the tax after applying the redetermination of the insurance proceeds in accordance with this opinion.
 
 
 15
 AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.