UNITED STATES of America, for the use Montana Door, Inc., Plaintiff,

v.

ALL PURPOSE SERVICES and Gulf Insurance Company, Defendants.

GULF INSURANCE COMPANY, Third-party Plaintiff,

v.

Kevin PETRI, Third-party Defendant.

No. CV 96–150–M–DWM.

United States District Court, D. Montana, Missoula Division.

Sept. 23, 1997.

James A. Bowditch, Milodragovich, Dale, Steinbrenner & Binney, P.C., Missoula, MT, for United States of America, for the use of Montana Door, Inc.

Bryan C. Tipp, Tipp & Buley Law Office, Missoula, MT, for All Purpose Services.

Michael S. Lahr, Crowley, Haughey, Hanson, Toole & Dietrich, Helena, MT, for Gulf Insurance Company.

## ORDER

MOLLOY, District Judge.

The lawyers in this case filed a joint request to continue the trial date, due to the asserted inability to get the testimony of two material witnesses. The "missing" witnesses are identified as David Rodriguez and John Ginn, each of whom was involved in "measurements [that] lie at the heart of this litigation." (Mot. at 2). Apparently both witnesses will return to Montana in November or December.

I find the reasons set forth by the attorneys to continue this case are not well taken, should have been anticipated early in the discovery phase of the case, and do not constitute sufficient reason to vacate the trial date. The Joint Motion to continue the trial date is **DENIED**.

## DISCUSSION

■ The very issue before the court on the joint motion, "continuing the trial date" was discussed at the Preliminary Pretrial Conference in this case. Before the trial date was set, each lawyer was given ample opportunity to provide input about the trial setting so as to take into account his professional schedule, his personal commitments, his client's needs, and the availability of ample time before trial to complete discovery. Each lawyer was advised by the court at the Preliminary Pretrial Scheduling Conference, that under no circumstance would a trial continuance be granted, short of extreme health problems.

Counsel were given every opportunity to select a trial date that would allow sufficient time for discovery. Iteration of the no continuance rule could not have been more clear.

■ There are significant reasons for adopting a no continuance rule, and for abiding by it. First, counsel chose the date of trial and agreed to it knowing before hand there would be no continuance. Secondly, under Rule 1, of the Federal Rules of Civil Procedure, the *parties* are entitled to a speedy and inexpensive resolution of their claim. Thirdly, once a case is continued it takes on the character of a matter that is not important enough to require the lawyers to prepare for, and as a consequence it is likely to be continued again in the future.

The Federal Courts do not operate in a vacuum related to each case. Other litigants, Civil and Criminal, are affected if a case is set, and then continued. The efficient management of the calendar cannot exist if continuances are routinely granted. Just as important, if counsel takes on a claim or a defense, both the litigants and the court are justified in expecting diligence in the handling and resolution of the dispute.

554

## CONCLUSION AND ORDER

If the litigants are to retain any confidence in the civil justice system, there must be some finality to the just resolution of their disputes. A continuance for the reasons suggested in the pending motion is alien to that notion. Most importantly in this case, counsel were given ample time for preparation and discovery.

The record in this case is barren about the efforts of counsel to depose the two witnesses now identified as having information that goes to the heart of the case. *See Krodel v. Houghtaling,* 468 F.2d 887 (4th Cir.1972). I am not convinced that counsel are so limited in their understanding of the rules, or their creativity, that sustained effort cannot resolve the witness availability dilemma.

IT IS HEREBY ORDERED, for the reasons set forth above, that the Joint Motion for a Continuance be, and the same hereby is **DENIED.**